Sayre *v.* Administrator of Isaac Sayre.

---

ANTHONY S. SAYRE v. Administrator of ISAAC SAYRE, deceased.

It is no fatal objection to a deposition taken under the statute, *Rev. Laws*, 439, *sec. 6*, that the *caption* thereto was drawn subsequently, and not at, or before the examination. It is the prudent course to write out the whole at the time of the examination, but if omitted as to the caption. it is no fatal error. The statute requires that the deposition should be reduced to writing by the magistrate, or the witness in his presence; but does not require the magistrate to certify to this fact, however prudent it may be for him to do so.

A deposition was handed by the magistrate duly sealed up to A, to deliver it to B, to carry it to Court, but was not filed, because B could not swear that he had received it from the magistrate himself. B carried the deposition home, and kept

Sayre *v.* Administrator of Isaac Sayre.

it with his other papers, and after some time had elapsed, transmitted it by the party, at whose instance it had been taken, to the magistrate, who testified that the deposition when sent from him was enclosed, sealed up, his name written over the seal, and directed to the judges of the Supreme Court; and when returned to him it appeared to be in the same condition, and that there was no appearance of the seal having been violated. The deposition was then in a proper manner transmitted to the court and filed. *Held,* that this was not a compliance with the sixth section of the act, *Rev. Laws,* 439. It was the duty of the party to have provided, and sent a messenger to the magistrate, in whom he could confide. It does not appear that the party was prevented from complying with the statute by any occurrence not under human control.

The defendant offered to prove by a witness, that the plaintiff while under examination upon oath before a justice of the peace, testified to certain matters now material for the defendant. The examination was taken in writing, except the part offered to be proved. *Held,* that the above evidence could not be received, at least till it was shown by the written examination, that it was not contained therein.

Can the defendant under the plea of *non est factum,* question the validity of his bond? Quere.

This was an action of debt upon a bond, and the defendant having craved *oyer* of the condition, it is read to him in these words, to wit:

" The condition of this obligation is such, that the above bound Isaac Sayre, has made his will for the distribution of his real and personal estate; which will is witnessed by Benjamine Moorehouse and Elijah Stites, and Abrm. Stites and Calvin Bunel; and I have agreed with Anthony S. Sayre, and *due* by these presents agree with him, that if the above described will is lost or destroyed, or *and* administrator or administrators shall be appointed to settle my estate, I then, in that case, bind myself, my heirs, executors and administrators, firmly by these presents, to pay to Anthony S. Sayre, or his heirs or assigns, the full sum of fifteen hundred dollars; to be paid out of my estate within one year after my death, with the lawful interest from the day of my death, until paid; then this obligation to be void, or otherwise to be and remain in full force and virtue, until the sum of fifteen hundred dollars with the interest, be paid to Anthony S. Sayre, or his "heirs or assigns." The defendant pleaded *non est factum.*

The cause was tried at the circuit, and a verdict rendered in

favor of the plaintiff. On the return of the postea, a rule to shew cause was granted, which was argued at the last term by *Asa Whitehead*, and *I. H. Williamson*, for defendant, and *W. Pennington*, for plaintiff.

At this term, the opinion of the court was delivered by Justice RYERSON.

The chief justice expressed no opinion, having been of counsel with one of the parties, before his appointment.

RYERSON, J. This case was brought before the court on an application to set aside a verdict which had been rendered for the plaintiff, and grant a new trial. On the argument of the case at the last term, an opinion was intimated by the judge who tried the cause, that a new trial ought to be had ; as one matter of fact important to be ascertained, before any judgment should be given for the plaintiff, had not been submitted to the jury, or their attention not properly directed thereto, by the counsel or the court.

Without expressing any opinion on that point, I assent to the propriety of granting a new trial; as the cause is important, and there are upon the whole case, reasonable grounds to apprehend, that justice has not been done; or at least, that the matters are worthy of a further investigation.

Having come to this conclusion, there is perhaps, no strict necessity of pursuing the subject further. But as the case is to be brought again to trial, and several points which have been here fully discussed, may arise at the circuit, it would seem to be best for all parties concerned, now to express an opinion on those points, so far as fairly up before the court.

The first and great question involved in the case, and which strikes at once at the foundation on which the verdict rests, is the admissibility of the written deposition of Hannah Strong. This deposition was intended to be taken and given in evidence, under the statute of this state, to be found in *Rev. Laws*, 438-9, *sec.* 5, 6, $\oint$ 9. It sufficiently appeared on the trial, that Hannah Strong, was then out of the state. Nor was any question made as to the sufficiency of the reasons for, or notice of, the taking of the deposition or examination. But it was objected that the deposition was not wholly reduced to writing

at the time, but the caption drawn subsequently, and not at or before the examination. This fact did not appear by any certificate of the magistrate accompanying the deposition, but by his examination, *ore tenus*, at the circuit. The sixth section of the statute above cited, enacts that the deposition shall be reduced to writing, only by " the magistrate, or the deponent in his presence." The obvious intention of this provision is, in the first place, to prevent the meaning of the witness from being clothed with language by any person who might be under the influence of partizan feelings, and thus liable to misconceive, or misstate what was said ; and in the second place, to prevent any studied phraseology or partial view of the subject, on the part of the witness himself. In other words, the witness should be free to answer *all* questions, and the answers should be as freely and fully taken down, without premeditated bias, design, or effect. This reason extends only to the testimony itself, and not to the accompanying certificate of compliance with the forms of the statute, or the formal caption necessary to connect the deposition with the cause in question. These are not required, as I conceive, by the words or intent of the statute, to be written at the time. They cannot be easily misstated, without perverse design on the part of the magistrate, which the law will not intend. It would be imposing too severe a tax on *his* convenience, or that of the parties and their counsel, to require in all cases, that the whole should be written out at the time. It is the most prudent course, but no fatal error if omitted. This objection cannot be sustained.

Again, it is objected, that it does not appear, either by the certificate of the magistrate, or otherwise, that the .deposition was reduced to writing by him, or the witness in his presence. That I think this material, already appears, or may be inferred from what has been said. It has also been so decided in the case of *Bell* v. *Morrison*, 1 *Peters*, 352, upon a like statute. But in this particular case, it is insisted the objection is not sustained by facts. That the certificate is silent on the subject, is true ; nor does the report of the trial speak one way or the other. But as the magistrate who took the deposition, was examined as a witness, on the trial, both with regard to the manner of taking and transmitting it, it must have been well understood by the

counsel who tried the cause, to have been in his handwriting, or he would have been interrogated to the point, and the fact made out distinctly, one way or the other. This argument appears so strong, when we reflect that the deposition was taken before a well known judge of the county where the cause was tried, whose handwriting must have been familiar, that I should never disturb the verdict for this reason. It can hardly be possible, that the vigilant counsel of the defendant, if there had been any doubt of the fact, would not have had that doubt reduced to certainty. And the evidence is conclusive, that this objection could not have been taken at the circuit, when the party could most probably have removed it, and therefore it ought not now to be heard. But it was further said, though apparently not much relied on, that this fact ought to appear in writing, by the certificate of the magistrate. This is not required by any thing in the statute, and however prudent it may be, I can perceive no reason, for which we should positively require it. The legislature having pointed out what the magistrate shall certify, is pretty conclusive proof, this being omitted in the requirement, that it need not be done.

But the objection most strenuously insisted upon, was, that the deposition was not retained by the magistrate *in his own possession*, till he transmitted it to the court, under his seal, by a proper messenger, or delivered it with his own hand. The inspection of it would have led to the conclusion, that it had been regularly kept, transmitted and filed. But a different history of its progress was shown by the examination of witnesses before it was read in evidence. In this way it was made to appear, that it was handed, duly sealed up, to A, to deliver to B, to carry it to the court. But it was not then directed to be filed, because B, who brought it, could not swear, that he received it from the magistrate himself. B carried it home, and kept it with his other papers, and after some time had elapsed, transmitted it, by the party at whose instance it was taken, to the magistrate. He testified, that when sent from him, it was enclosed, sealed up, his name written over the seal, and directed to the judges of the Supreme Court; and when returned to him it appeared to be in the same condition; and that there was no appearance of the seal having been violated. It

was then, in a proper manner, transmitted to the court, and filed. This was not, as it appears to me, a compliance with the statute. It was held in the above cited case of *Bell* v. *Morrison*, that the construction of the statute should be strict. This I am constrained to think correct, by the decision of this court, in the cases of *Middleton* v. *Taylor*, *Coxe* 445, *Steward* v. *Brower*, 2 *Penn.* 959, and *Arnold* v. *Renshaw*, 6 *Halst.* 317. The statute is an innovation on a great and valuable principle of the common law, that the witness shall be produced before the jury, who are to judge, as well from his manner, as otherwise, of the credit to which he is entitled. It is true, that this, like every other general rule, worked evil in special cases, against which, the legislature have undertaken to provide by the statute. They have prescribed the cases when, and the terms upon which, the party may have the aid of the statute. And we are not at liberty to extend its benefits either to other cases, or upon other terms, although, in our opinion, they should be equally entitled to the aid, or calculated to prevent abuses. I do not think this a case where the legislature have (as was said with much force on the argument) engrafted a new principle on the common law, which the court are to regard as a *principle*, and give efficiency to it in practice. They have only made an exception, and the party has not brought himself within it. But to prevent my meaning from being misunderstood, I would remark, that by a *strict*, I do not mean a *literal* compliance. The guards which the *statute* has provided against fraud, must in substance be preserved. It will not do to say that others equally effectual, have been used. I cannot say these guards have been preserved, when the deposition, instead of remaining in the custody of the magistrate alone, has been in that of at least three other persons, besides the messenger, before it was transmitted to the court. It is true, we have no reason to believe, in this case, that the deposition had been opened, or altered. If the legislature had thought that sufficient to entitle it to be received in evidence, they would have so declared, and saved the trouble and expense which they have now rendered necessary. This cannot be, as was said, a *virtual* retention by the magistrate, when it was in the custody of at least one person, without that magistrate's knowledge or con-

Sayre v. Administrator of Isaac Sayre.

sent. Nor should any burden of proof of alteration, be cast on the party against whom the evidence was offered. The party receives the favor tendered to him by the statute, by a compliance with its terms. It is the supposed compliance, which raises the presumption in his favor, which may be repelled, (as was done in this case) by showing nothing more than that the statute *had not* been pursued. This construction is not so strict as that adopted by this court in two of the cases which have been cited, which was almost literal. When the question arose at the circuit, it was safest to receive the evidence, and have the point ultimately settled here, if necessary. And I would further remark, in reference to this point, that perhaps I might have come to a different conclusion, had the party been prevented from complying with the statute by any occurrence not under human control. I use the term *party*, because it was his duty to have provided and sent to the magistrate, a messenger, in whom the latter could confide. The responsibility of providing one should not rest on him.

An objection was also taken to a certain part of the testimony of Charles H. Halsey, esquire. The objection was placed on two grounds; first, that it was the allegation merely, of the party offering the evidence; and secondly, that it was a confidential conversation between him and his counsel, with a view to an action, the witness being, at the time, the counsel's clerk. I am inclined to think the first reason ought to have prevailed. I have not been able, either on the argument, or since, to discover any reason sufficient to except this from the general principle, that a *party's own* allegations are not evidence for him; though, perhaps, there is room for doubt, under the peculiar aspect presented by the question, resulting from the facts in the cause. The other branch of the objection, that it was a communication which the law will not permit to be revealed, rests on no solid foundation. The protection is in favor of the client, who may waive it, as he may any other privilege. The doctrine of mutuality, which was set up, does not apply. The cases are innumerable, where an allegation or admission may be given in evidence by one party, when it cannot be by the other.

The defendant further offered to prove, by Aaron Johnson,

that on a certain occasion, the plaintiff, while under examination upon oath, before a justice of the peace, testified to certain matters; (now material for the defendant;) that his examination was taken in writing, except the part now offered to be proved. This offer was objected to, and the evidence rejected, of which the defendant here complains. In support of its admissibility, was cited, 21 *Com. Law. Rep.* 425; 22, 341, and 2 *Russel on Crimes,* 656-7. The decision was, no doubt, correct, so far as the offer went to prove that what was there to be enquired into, was not contained in the written examination. What that examination did or did not contain, could lawfully be proved only by itself, or secondary evidence of its contents, after the proper foundation had been laid. But it was further urged, that whether taken down or not, was immaterial; that the evidence was primary, the witness speaking of what he heard from the party under examination, and not of any knowledge derived from the written deposition, by having seen it, or heard it read; it being substantive, independent evidence of the same fact. That it was analagous to the case of a payment, which the witness may prove if he saw it made, although a written acknowledgement was given at the time. In support of this position, which was pressed on the court with great force, the counsel cited, *Rosco on Evid.* 1; 4 *Espinasse Rep.* 212, and 1 *Camp. N. P. R.* 439. But after mature reflection, I am inclined to think the evidence ought not to have been received, at least till it was shown by the written deposition, that it was not contained therein. The presumption is, that it was; and if true, the writing ought to be produced, as showing better than the memory of any witness, *what* was said, as well as how said, limited, guarded, and qualified. The case put of a payment, does not appear to me, precisely analagous. There, the witness is called to speak of a fact which he *saw*; but here, merely of words spoken, and spoken expressly to be written, for greater certainty. If in a contract, all the prior negotiations are merged in the written agreement, as what was finally concluded on, so here, what was said, should only be proved by what was retained in the examination, unexplained or not altered, where the whole was completed. For as the parties to a contract, have, till consummated by execution, to alter and modify, in

like manner the examinant may at any time previous to signature, or other completion, alter, correct, explain, or add to his deposition, in any thing which his memory may suggest.

I deem it not improper to remark, that one of the counsel, in the argument of this cause, insisted that they were prepared, on the trial, (as he then supposed, and took for true, on the discussion,) to prove by the written examination itself, what was or was not contained therein. This, however, was not admitted by the adverse counsel, and it does not so appear by the case as reported, or agreed upon. If the examination had been shown, and what was proposed to be proved, had not in any form appeared therein, a different question would arise.

It was further objected, that the defendant was improperly refused liberty to prove, that about the time the supposed bond bore date, the supposed obligor frequently declared that he did not intend to give his son Anthony, the plaintiff, any thing; that he had had his share of the estate. But I can find no er. ror herein. The attempt to draw an analogy between this bond and a testament and last will, was not successful to my mind. A will imports a bounty ; a bond, a duty. To let in this evidence would be to enable a party by his own declarations to defeat his own solemn contract ; a thing unheard of. Nor am I satisfied that the evidence would have been admissible on a question of will or no will. No authority was cited in its support. In the case of *Den* v. *Vancleve,* in 2 *South.* somewhat similar evidence was held admissible in *support* of a will, by the opinions of two judges against one. A somewhat different view of the same question, on the same will, was taken in the Circuit Court of the United States. 4 *Wash. C. R.* 262, *Stevens & wife* v. *Vancleve.* In this conflict of opinion, I deem it imprudent to express any.

It would now be wholly useless, if not prejudicial, to express any opinion on the question of newly discovered evidence, or the *weight* of evidence, beyond what has already been said. And as the objection to the validity of the bond, is, in my view, apparent on the record, I prefer leaving it to be decided, when necessary, on a different motion. I think it ought not to embarrass the trial of the fact at the circuit. At least, I am not so clear that the bond is invalid, as to warrant me, under my

present impressions, in settling the case on that point, against the plaintiff. Besides, I do not perceive how this question can now arise, unless on a motion in arrest of judgment. It is true, *Chitty*, in the 1*st. vol. on Pleadings*, *p.* 479, says, " the defendant may give in evidence, under the plea of *non est factum*, that the bond was void at common law, *ab initio.*" But I cannot find, on looking into the authorities cited, any thing to warrant this question, in this state of the pleadings, being agitated on the trial of the issue. In one of them, 2 *Wilson*, 347, the facts relied on to avoid the bond, were not apparent on the bond, but pleaded; and the question arose on demurrer. And Chief Justice Wilmot, in delivering the opinion of the court, and near the close of his remarks, says expressly, that the proper conclusion of the plea is, " and so the said bond is void ;" and it appeared to him, "*non est factum* could not have been properly said." And if it were manifest on the face of this bond, that it was given to stifle a prosecution for felony, and so clearly void at law, after oyer, you might demur; or move in arrest of judgment, after verdict. But could the court, without an open absurdity, tell the jury that they must find that it was not the party's deed, when it was manifest he had executed it. That finding would seem to import, at the utmost, that the party never executed it, or had not capacity, or ability, or liberty to act; or *perhaps*, was deceived as to the act which he was doing, and thus touch and impair the validity of the very fact of sealing or delivery; but can never mean that the contents of the deed, or the motives which gave rise to it, are such that the party ought not to be held to the performance. What would this be but withdrawing the question of law, the construction and validity of a deed, from the court, to be settled by the jury ?

My difficulty on this part of the case, was intimated on the argument. It is now repeated, rather with a view to inquiry, and of calling the attention of counsel to it, than to its present decision, which is not really necessary.

But upon some of the other matters, involved in this case, I am of opinion, as above intimated, that the verdict should be set aside, and a new trial granted. The costs of the former trial, to abide the event of the suit.

FORD, J. concurred.                                   New trial granted.