32 N.J. Super. 15 (1954)
107 A.2d 527
STEWART EQUIPMENT CO., INC., A PENNSYLVANIA CORPORATION, PLAINTIFF,
v.
THOMAS GALLO, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 17, 1954.
*16 Messrs. Charles J. Milton and William E. Bannon argued the cause for the plaintiff.
Mr. Bernard Freedman argued the cause for the defendants.
WAUGH, J.C.C. (temporarily assigned).
This matter comes before the court on a motion to compel an answer to a question posed during the taking of the deposition of William S. Brubaker, vice-president and sales manager of plaintiff.
Mr. Brubaker was asked "whether or not when he first went to his attorney in Harrisburg he told him that the Gallo Company owed the Plaintiff $27,743.50." Mr. Brubaker refused to answer the question on the grounds that it was privileged in that it was made in the course of the attorney-client relationship.
*17 The witness, Brubaker, is not the client in this case, but he is the agent of the client. Since a corporation can only act through its agent, it must necessarily follow that if the attorney-client privilege is to extend to corporations, as it does, Russell v. Second National Bank of Paterson, 136 N.J.L. 270 (E. & A. 1947), it must necessarily extend to confidential communications made by the agent of the corporation. State v. Loponio, 85 N.J.L. 357 (E. & A. 1913).
It is clear that the attorney-client privilege would be defeated if the "disclosure of the confidences, though not compellable from the attorney, were still obtainable from the client." 8 Wigmore on Evidence, sec. 2324. Therefore the client himself can claim the privilege from disclosing matters so protected.
I will next deal with the question of whether Brubaker waived the privilege by his prior testimony.
The attorney-client privilege can be waived, Sayre v. Sayre, 14 N.J.L. 487 (Sup. Ct. 1834); and as heretofore stated, since the privilege can only apply to a corporation through the statements of its agent, conversely, it can be waived by its agent. But the agent must be acting in the scope of his authority. The witness, Brubaker, was not a director of the plaintiff corporation, and it is the undisputed law that the act of a president or other officer of a corporation is not regarded as the act of the corporation, unless it is shown that such act was within the scope of his employment as derived from the board of directors or unless it pertained to his official duty. Gabriel v. Auf Der Heide  Aragona Inc., 14 N.J. Super. 558 (App. Div. 1951); Beck v. Edwards & Lewis, 141 N.J. Eq. 326 (Ch. Div. 1948).
There is no evidence in the case from which I can find that Brubaker had any authority to waive the privilege belonging to the plaintiff. He was the vice-president and sales manager of the corporation and was not even a member of the board of directors. I fully realize that to sustain the privilege is to withhold the truth and "it is therefore to be strictly limited to the purposes for which it exists," In re Selser, 15 N.J. 393 (1954); but I find the facts of the case *18 meet the purpose of the attorney-client privilege which is deeply imbedded in our jurisprudence. State v. Toscano, 13 N.J. 418 (1953).
An order will be entered denying defendants the right to compel Brubaker to answer the question.