The **DUPLAN CORPORATION** et al., Appellees,

v.

**DEERING MILLIKEN RESEARCH CORPORATION, Appellant.**

No. 73–1357.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1973.

Decided Sept. 27, 1973.

Certiorari Denied March 18, 1974.
See 94 S.Ct. 1565.

See also, D.C., 370 F.Supp. 769.

Simon H. Rifkind, New York City (Butler, Means, Evins & Browne, Spartanburg, S. C., Paul, Weiss, Rifkind, Wharton & Garrison, Morgan, Finnegan, Durham & Pine, New York City, Thomas A. Evins, Spartanburg, S. C., and Robert S. Smith, New York City, on brief), for appellant.

Paul B. Bell, Charlotte, N. C., and William K. West, Jr., Washington, D. C., (Parrott, Bell, Seltzer, Park & Gibson, Charlotte, N. C., Willkie, Farr & Gallagher, New York City, Leatherwood, Walker, Todd & Mann, Greenville, S. C., Cushman, Darby & Cushman, Washington, D. C., Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., Smith, Moore, Smith, Schell & Hunter, David Rabin, Greensboro, N. C., Perrin, Perrin & Mann, Spartanburg, S. C., John W. Malley, W. Warren Taltavull, Washington, D. C., and Michael R. Abel, Greensboro, N. C., on brief), for appellees.

Before BRYAN, Senior Circuit Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Deering Milliken Research Corporation appeals from an order of the district court granting summary judgment holding two United States patents invalid under 35 U.S.C. § 102(d) [1] on the ground that the claimed inventions had been patented in France prior to the applications for the United States patents on applications which had been filed in France more than twelve months prior to the United States applications. Involved are United States Patents No. 3,137,119 and No. 3,382,656 and their French counterparts Nos. 1,267,239 and 1,427,001, respectively.

The primary issue upon this appeal is whether an invention is "patented" in France within the meaning of 35 U.S.C. § 102(d) when a decree of issuance is signed by the French Patent Office (the délivré date) or the date that its con-

---

[1]. 35 U.S.C. § 102(d) reads as follows:
"A person shall be entitled to a patent unless—
(d) the invention was first patented or caused to be patented by the applicant or his legal representatives or assigns in a foreign country prior to the date of the application for patent in this country on an application filed more than twelve months before the filing of the application in the United States, * * * "

tents are made available to the public by publication in the Bulletin Officiel de la Propriete Industrielle (BOPI). Additionally, the appellant contends that the invention described and claimed in French Patent No. 1,427,001 is not identical, as a matter of law, to the invention described and claimed in United States Patent No. 3,382,656.

It is conceded that in each instance the application in the United States was filed after the delivery date (délivré) of the French patent, but before it was published in the BOPI. In his original and supplemental opinion and order the district judge carefully analyzed the French patent procedure and concluded that the exclusive rights which the nature of a patent includes and envisions accrue to the inventor in France on the date of delivery rather than on the date of publication.[2] Upon our review of the record and the briefs we agree with the district court that in the context of Section 102(d) under the French procedure délivré is the operative patent date. *See* Ritter v. Rohm & Haas Company, 271 F.Supp. 313 (S.D. N.Y.1967); Ex parte Gruschwitz, 138 U.S.P.Q. 505 (Pat.Off.Bd.App.1961).

We also agree with the conclusion of the district court that French Patent No. 1,427,001 and its United States counterpart No. 3,382,656 are for all intents and purposes identical. The district judge had before him the French patent together with an English translation, and while he noted that the American patent contained more detailed specifications and claims than the French version he found that this was attributable to the procedural requirements of the United States Patent Office and did not change the basic nature of the invention. The contention of the appellant that the American patent contains significant and distinguishing improvements is readily answered by the observation of the Court in Siemens v. Sellers, 123 U.S. 276, 283, 8 S.Ct. 117, 119, 31 L.Ed. 153 (1887):

"It is contended by the counsel of the complainants that the American patent contains improvements which are not exhibited in the English patent. But if this were so, it would not help the complainants. The principal invention is in both, and if the American patent contains additional improvements, this fact cannot save the patent from the operation of the law which is invoked, if it is subject to that law at all. A patent cannot be exempted from the operation of the law by adding some new improvements to the invention; * * *."

Summary disposition by the district court was appropriate and the judgment below is affirmed.

Affirmed.

2. In his opinion which is reported at 353 F. Supp. 826, the district judge summarized the French patent procedure as follows:

"In France, the patent office is concerned primarily with (1) novelty and (2) industrial impact. Once a given application has satisfied the filing requirements and been processed, it is ready for delivery (delivré), and some four weeks after delivery it is published in the BOPI. * * * The deliverance date is the date of the signing or facsimile of signing by the patent ministry, or minister, and upon that date, and thereafter, the inventor who receives the patent, at his discretion, may disclose the contents of his application to third parties, for selling or other considerations. The applicant has the right to request a postponement for one year in 'deliverance.' The publication, and making available to the public, is the publication of the 'ABREGE descriptive' (summary specification in the official gazette). The moment of publication is considered to be the point of time when the official gazette (BOPI) is brought from the French National Printing Office and physically enters the reading room on the ground floor of the INPI [Institute Nationale de la Propriete Industrielle (French Patent Office)]."