179 N.J. Super. 56 (1981)
430 A.2d 262
SICPA NORTH AMERICA, INC., PLAINTIFF,
v.
DONALDSON ENTERPRISES, INC., DEFENDANT.
Superior Court of New Jersey, Law Division Passaic County.
Decided March 2, 1981.
*58 Thomas A. Portanova, for plaintiff (Clapp & Eisenberg, substituted for Gulkin, Marino & Portanova, attorneys).
Geoffrey S. Aaronson, for defendant (Fischer, Kagan, Klein & Giampapa, attorneys).
*59 MARTIN, J.S.C.
Can a corporation's contractually limited disclosure of information, which was supplied to its adversary for settlement purposes only, result in a waiver of the protection afforded to such information by the attorney-client privilege? This is the issue presented in this matter, which comes before the court on defendant's order to show cause why plaintiff should not be compelled to produce a certain report prepared for it by its corporate counsel.
The procedural history and salient facts are as follows. Plaintiff and defendant were, at one time, in an employer-employee relationship. This lawsuit arose from the termination of that relationship by plaintiff. During discovery defendant sought disclosure of a report compiled by plaintiff's attorney. This report was made prior to the termination of employment and it dealt with plaintiff corporation's legal position regarding its employment relationship with defendant.
After plaintiff refused to divulge this report defendant moved to compel its production pursuant to R. 4:18-1(a) and R. 4:23-1(a). This court denied defendant's motion, holding that the report was protected by the attorney-client privilege. R. 4:10-2(a); Evid.R. 26, N.J.S.A. 2A:84A-20.
Subsequent to that motion defendant filed this order to show cause which indicated that plaintiff had previously disclosed the report to defendant's former counsel. Defendant obtained this information from an attorney who had initially handled the matter for defendant and who is not currently involved in the case. Defendant now claims that the prior disclosure resulted in plaintiff's waiving the attorney-client privilege. Evid.R. 37.
Both parties now agree that prior to the initial discovery demand, plaintiff and its attorney permitted defendant's attorney to review the report, for settlement purposes only. The report was disclosed solely for this limited purpose and defendant's attorney agreed, in writing, not to show the report to anyone other than himself and to cocounsel. This agreement read as follows:

*60 This will confirm that I am accepting a copy of an opinion concerning the retention of Robert Donaldson solely upon the condition that it not be shown to anyone other than myself, and a co-counsel of my choosing. Its purpose is to permit me to be able to sufficiently advise my client as to his rights.
Upon the conclusion of that evaluation the material is to be either returned or destroyed, with no copies to be made.
This decision addresses the issue of waiver, based upon the additional information now put before the court regarding this contractually limited disclosure.
It is clear that the report's information, disclosed to counsel by corporate employees, is privileged when it is contained in a report compiled by the attorney for the corporation in order to aid it in its determination as to whether or not to retain an employee. The attorney-client privilege is recognized as part of the common law, Matthews v. Hoagland, 48 N.J. Eq. 455, 464 (Ch. 1891); State v. Toscano, 13 N.J. 418, 424 (1953); In re Selser, 15 N.J. 393, 403 (1954), and the statutory law of New Jersey. Evid.R. 26; N.J.S.A. 2A:84A-20. This privilege extends to corporations and to communications made by agents of it. Stewart Equipment Co. v. Gallo, 32 N.J. Super. 15, 17 (Law Div. 1954); U.S. v. Becton Dickinson and Co., 212 F. Supp. 92, 94-95 (D.N.J. 1962).
Recently the privilege has been extended to apply to corporate employees who are not limited to the entity's "control group." In Upjohn Co. v. U.S., 447 U.S. ___, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), the United States Supreme Court recognized that middle-level and lower-level employees often have the relevant information needed by corporate counsel if he is to adequately advise the client with respect to potential difficulties; therefore, communications by such employees to corporate counsel are covered by the privilege.
Privileges, like other rights and protections, can be waived, and a corporation's agent can waive it if he is acting within the scope of his authority or if it pertains to his official duty. Stewart Equipment Co. v. Gallo, supra 32 N.J. Super. at 17. Because the privilege is the client's and not the attorney's, *61 an attorney cannot waive it without the client's consent to the waiver. See Republic Gear Co. v. Borg-Warner Corp., 381 F.2d 551, 552 (2 Cir.1967).
While plaintiff corporation admittedly[1] consented to its attorney's disclosure of the report, this consent was given for the limited purpose of seeking settlement of this action. The report was not to be shown to defendant, but only to its counsel in an attempt to convince him of the feasibility of settlement. The issue in this case, then, is this: Can the corporation's contractually limited disclosure of information result in a waiver of the protection afforded to such a report by the attorney-client privilege? While no New Jersey cases touch on the limited disclosure issue, decisions from other jurisdictions make it clear that a disclosure of a part of a protected communication results in a total waiver of the attorney-client privilege with respect to that communication. The court in Chore-Time Equip., Inc. v. Big Dutchman, Inc., 258 F. Supp. 233, 234 (W.D.Mich. 1966), dealing with the production of documents in a patent infringement action, noted that a waiver can be effectuated by a disclosure of confidential information; it need not be expressed in writing nor in any particular form. In the case of In re Langswager, 392 F. Supp. 783, 786 (N.D.Ill. 1975), the court examined a disclosure by grand jury witness testimony, emphasizing that it is the element of confidentiality which waiver destroys and such is the case where the communication is intended by the client to be revealed to third persons; the element of confidentiality is destroyed, and with it the attorney-client privilege is waived.
The result is the same where the client discloses, or consents to counsel's disclosure, of some of the privileged information where the purpose of such disclosure is to advance the client's own self-serving objectives. It makes no difference in such a situation that only a part of the privileged information is disclosed, as a partial waiver of a privileged communication *62 effectively waives the entirety thereof. 8 Wigmore on Evidence (McNaughton rev. 1961), § 2327. A party cannot choose to disclose only so much of an allegedly privileged matter as is helpful to his case; once a party begins to disclose a confidential communication for a purpose outside the scope of the privilege, the privilege is lost. Burlington Industries v. Exxon Corp., 65 F.R.D. 26, 46 (D.Md. 1974). In Burlington Industries, a patent infringement action where the defendant moved to compel discovery, the court held that a disclosure of confidential information during settlement negotiations is a waiver as to the limited information disclosed. This court finds that Burlington should control in the present situation, notwithstanding plaintiff's attempt to limit the scope of the disclosure by contract.
The limitation of the disclosure, for certain purposes helpful to plaintiff's interests, should not be sufficient to avoid a waiver of the privilege. A party may not insist on the protection of the privilege for damaging communications while disclosing other selected communications because they are self-serving. A client who chooses to disclose secrets within the privilege waives it and cannot later insist upon it. International Tel. and Tel. Corp. v. United Tel. of Florida, 60 F.R.D. 177, 185-186 (N.D.Fla. 1973) (an antitrust violations action). A voluntary disclosure by the client, even if made with conditions, can result in a waiver as to all of the communications so privileged. See Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1161-1162 (D.S.C. 1974), aff'd 487 F.2d 459 (4 Cir.1974), cert. den. 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974) (holding that a disclosure with or without certain written limitations would result in a waiver for the reason behind the rule is one of basic fairness). A waiver is not restricted to words or conduct expressing an intent to relinquish a known right. It may be found by conduct which would make the maintenance of the privilege unfair. For example, in U.S. v. Mierzwicki, 500 F. Supp. 1331, 1334 (D.Md. 1980), it was held that an authorization made by the client to counsel permitting counsel to deal with the adversary *63 in order to effect a favorable conclusion of the action, would be deemed a waiver as to disclosures made.
The contractual limitations, which plaintiff claims were included in order to protect it against waiver of the privilege by this disclosure to defendant's counsel for settlement purposes, cannot serve to insulate the report from discovery. Plaintiff's reliance upon Evid.R. 37, N.J.S.A. 2A:84A-29, is misplaced. That section reads: "A disclosure which is itself privileged or otherwise protected by the common law, statutes or rules of court of the State, or by lawful contract, shall not constitute a waiver under this section" (emphasis supplied).
This court reads the phrase "lawful contract" to mean something other than an informal agreement between counsel or between their respective clients. A "lawful contract," for purposes of Evid.R. 37, appears to be a contract which was entered into pursuant to a specific statutory provision affording that type of agreement the protection of a privilege. This is illustrated by the commentary found in the 1967 Commission note which gives as an example trade secret licenses, credit reports, and the rule comment itself, which makes reference to a specific statutory protection, N.J.S.A. 2A:84A-22.8(e), as illustrative of the type of disclosure protected by the contract proviso of the rule.
The rules must be interpreted as a unit; the language, "by lawful contract," must be read in conjunction with the exceptions illustrated by specific language (e.g., protected by common law, statutes or rules of court) which clearly indicates existing types of protection devices. A "lawful contract," then, is a contract predicated upon protections existing in law and not by an informal agreement which has as its origin the advancement of plaintiff's own interests. Such a construction of the word "lawful" is consistent with New Jersey case law which defines the term to mean something warranted or authorized by the law. Young Women's Christian Ass'n of Princeton, N.J. v. Kugler, 342 F. Supp. 1048, 1062 (D.N.J. 1972), vacated and remanded *64 475 F.2d 1398 (3 Cir.1973), aff'd 493 F.2d 1402 (3 Cir.1974), cert. den. 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 885 (1974). Here, plaintiff has not presented any statute, rule or common law doctrine which would support its position that the nondisclosure agreement, or contract, upon which it relies, is entitled to the application of Evid.R. 37.
The reason for this finding of a waiver is apparent. A party should not be afforded the protection of a privilege where he seeks to use the privileged information for his own benefit without permitting the adversary to obtain the information. In Fisher v. Small, 166 A.2d 744, 745 (D.C.Mun.App. 1960), it was held that where an attorney exchanges a privileged report (of a doctor who examined plaintiff) with his adversary, any privilege which might have existed is waived. The privilege which attaches to a confidential communication between an attorney and client is waived when the substance of that communication is related to a nonprivileged party. Bundy v. U.S., 422 A.2d 765, 767, n. 4 (D.C.App. 1980).
This result appears to be justified whether the party intended to waive the privilege or protect himself by limiting the scope of the disclosure, as here. A waiver is to be predicated not only when the conduct indicates a plain intention to abandon the privilege, but also when the conduct (although not evincing that intention) places the claimant in such a position with reference to the evidence, that it would be unfair and inconsistent to permit the retention of the privilege; it is not to be used as both a sword and a shield. 8 Wigmore, supra, § 2388(3) at 855.
Because plaintiff cannot choose to employ the privileged report as a tool used in settlement negotiations and consequently claim that the privilege protects the report from disclosure by discovery, the court finds that plaintiff has waived the privilege. The report, no longer privileged, is therefore discoverable under R. 4:10-2 and is the proper subject of a request to produce under R. 4:18-1(a).
An appropriate order shall be entered in accordance with this opinion. R. 4:42-1(b).
NOTES
[1] See letter of plaintiff's counsel dated February 6, 1981.