**UNITED STATES of America, Plaintiff,**

v.

**GAHAGAN DREDGING CORPORA- TION, Defendant.**

United States District Court
S. D. New York.

May 14, 1958.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for plaintiff.

Foley & Martin, New York City, for defendant.

BICKS, District Judge.

The United States of America brings this action to recover a statutory penalty alleged to be due by reason of defendant allowing its vessels to be navigated on the high seas without first obtaining the certificate of inspection required by 46 U.S.C.A. § 395.

The instant motion is by the United States for an order vacating and quashing the defendant's notice to take the testimony of "the plaintiff by its Officer familiar with the matters alleged in the complaint * * *." Movant contends that such notice fails to meet the requirements set forth by Fed.Rules Civ.Proc. rule 30(a), 28 U.S.C.A.

That section provides: "A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs." The notice of examination in this case does not conform to the rule. In effect, it requires the plaintiff to determine the identity of the individuals whom the defendant wishes to examine. The rules do not sanction placing such a burden upon the party sought to be examined. Spaeth v. Warner Bros. Pictures, D.C.S.D.N.Y.1941, 1 F.R.D. 729; Park & Tilford Distillers Corp. v. The Distillers Company, Ltd., D.C.S.D.N.Y.1956, 19 F.R.D. 169.

Motion granted.