Judith M. PAPARELLI,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Westinghouse Elevator Company, a division of Westinghouse Electric Corporation.

Civ. A. No. 84–1949–K.

United States District Court, D. Massachusetts.

Dec. 30, 1985.

Robert J. Sherer, Roche, Carens & Degiacomo, Boston, Mass., for Paparelli.

John B. Johnson, Cornell & Gollub, Boston, Mass., for Westinghouse.

John R. Duxbury, Boston, Mass., for Prudential.

## ORDER ON MOTION FOR SANCTIONS (# 103)

ROBERT B. COLLINGS, United States Magistrate.

Judith Paparelli claims that she was injured as a result of a feature of the elevators in the Prudential Tower in Boston which allows the doors of the elevator to begin opening just prior to the point at which the elevator reaches the level of the floor at which it is to stop. The name given to this feature is called "pre-opening". The elevators in the Prudential Tower were manufactured by the defendant Westinghouse.

On April 15, 1985, I issued an Order compelling Westinghouse to produce "all documents constituting claims (whether by formal lawsuit or otherwise) filed during the period January 1, 1978 to December 31, 1984 with or against Westinghouse for any injuries allegedly caused by the 'pre-opening' of elevator doors in the geographical area served by Westinghouse's regional offices in New Jersey".

Westinghouse produced documents respecting one claim.

On May 25, 1985, the plaintiff filed a Notice of Deposition noticing a deposition of the defendant Westinghouse pursuant to Rule 30(b)(6), F.R.Civ.P. The notice read, in pertinent part, as follows:

Notice is hereby given that the undersigned attorney will take the deposition upon oral examination pursuant to Rule 30(b)(6) F.R.C.P. of the employee of the defendant Westinghouse Elevator Company holding the position of custodian of the records maintained by Westinghouse at its facility in Short Hills, New Jersey, and, more specifically the records including the documents ordered to be produced by the order of Magistrate Collings entered on April 15, 1985 (copy attached).

The scope of the deposition will relate to, and the person designated to testify, shall have knowledge of the following matters:

(a) The manner and system of keeping, maintaining and indexing the records maintained by Westinghouse in which the documents described in the attached order of the Court were contained.

(b) The details of any search conducted by Westinghouse in an endeavor to comply with the attached order.

At the deposition, counsel for the plaintiff, in addition to asking questions clearly within the scope of the subject matter as set forth in the Notice, attempted to question the witness regarding a so-called "product letter" dated May 1, 1978 entitled "Elimination Of Pre-Opening". Plaintiff's attorney had obtained the document from plaintiff's counsel in other litigation against Westinghouse by a Pennsylvania resident.

Counsel for Westinghouse objected to questions relating to this document and instructed the witness not to answer the questions.

Counsel for the plaintiff does not dispute that the questions about the "product letter" were beyond the scope of the subject matter of the 30(b)(6) deposition; rather, he claims that the subject matter stated in the Rule 30(b)(6) Notice does not limit the scope of the deposition and that counsel for the plaintiff can ask a witness produced pursuant to a Rule 30(b)(6) notice any question and the witness must answer on behalf of the corporation to the extent that the witness is able.

Rule 30(b)(6), F.R.Civ.P., provides:

(6) A party may in his notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

The purpose of the Rule is stated in the Advisory Committee Notes as follows:

The new procedure should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process. It will reduce the difficulties now encountered in determining, prior to the taking of the deposition, whether a particular employee or agent is a "managing agent." See Note, Discovery Against Corporations Under The Federal Rules, 47 Iowa L.Rev. 1006–1016 (1962).

It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it. *Cf. Haney v. Woodward & Lothrop, Inc.*, 330 F.2d 940, 944 (4th Cir., 1964). The provision should also assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. Some courts have held that under the existing rules a corporation should not be burdened with choosing which person is to appear for it. *United States v. Gahagan Dredging Corp.*, 24 F.R.D. 328, 329 (S.D.N.Y.1958). This burden is not essentially different from that of answering interrogatories under Rule 33, and is in any case lighter than that of an examining party ignorant of who in the corporation has knowledge.

From the text of the Rule 30(b)(6) and the notes of the Advisory Committee, there is nothing which indicates that the "matters upon which examination is requested" which are listed in a 30(b)(6) deposition notice limit the scope of the examination. In fact, it can be argued that the sentence in the Rule 30(b)(6) which reads "[t]he persons so designated shall testify as to matters known or reasonably available to the organization" means that the deposition is not strictly limited to the "matters" listed in the notice.

However, I am of the view that such a limitation is implied by the procedures set forth in the rule and the reasons for the rule's adoption as noted by the Advisory Committee.

First, the purpose of the rule was to afford the party deposing the corporation the ability to obtain information on certain matters in the form of testimony on behalf of the corporation without having to name the individual in the corporation to be deposed. It makes no sense for a party to state in a notice that it wishes to examine a representative of a corporation on certain matters, have the corporation designate the

person most knowledgeable with respect to those matters, and then to ask the representative about matters totally different from the ones listed in the notice.

Second, another purpose of the rule was to allow the corporation to designate a person who was prepared to answer questions on certain matters on behalf of the corporation. The rule was designed to avoid the problem which arose when a party noticed a particular officer of the corporation and the corporation had no way of knowing what matters were going to be the subject of the inquiry and whether the particular officer whose deposition had been noticed knew anything about those matters. Obviously, this purpose of the rule would be effectively thwarted if a party could ask a representative of a corporation produced pursuant to a Rule 30(b)(6) deposition notice to testify as to matters which are totally unrelated to the matters listed in the notice and upon which the representative is prepared to testify.

Third, the fact that the notice must list the matters upon which examination is requested "with reasonable particularity" also lends weight to the notion that a limitation on the scope of the deposition to the matters specified in the notice is implied in the rule. If a party were free to ask any questions, even if "relevant" to the lawsuit, which were completely outside the scope of the "matters on which examination is requested", the requirement that the matters be listed "with reasonable particularity" would make no sense. With this in mind, the sentence which reads that "[t]he persons so designated shall testify as to matters known or reasonably available to the organization" can be read in harmony with the rest of the rule if the word "matters" has the same meaning as it does when used earlier in the rule, i.e. "matters upon which examination is requested". As to "matters upon which examination is requested", the representative has the duty to answer questions on behalf of the organization to the extent that the information sought is "known to the organization or reasonably available to it".

Accordingly, I rule that if a party opts to employ the procedures of Rule 30(b)(6), F.R.Civ.P., to depose the representative of a corporation, that party must confine the examination to the matters stated "with reasonable particularity" which are contained in the Notice of Deposition.

The next issue is whether counsel for the corporation or organization who produced a witness pursuant to a Rule 30(b)(6) notice can instruct a witness not to answer if counsel for the party deposing the witness persists in asking questions which are beyond the scope of the matters listed in the 30(b)(6) notice.

 Rule 30(c), F.R.Civ.P., provides, in pertinent part:

Evidence objected to *shall be taken* subject to objections.

(Emphasis supplied.)

This provision means that, as a general rule, instructions not to answer questions at a deposition are improper. The only exceptions are those canvassed in the recent case of *International Union Of Electrical, Radio and Machine Workers, AFL–CIO, et al v. Westinghouse Electric Corporation,* 91 F.R.D. 277 (D.D.C.1981) wherein Judge Flannery wrote:

... Rule 30(c) should not mandate disclosure of trade secrets or privileged information merely because such information is sought through a question asked on deposition, *see Perrignon v. Bergen Brunswig Corp.,* 77 F.R.D. 455, 460–1 n. 4 (N.D.Cal.1978); strict application of the rule in these contexts would undermine the values traditionally thereby protected. In some cases, then, the mere fact of revelation of some types of information ... is sufficiently onerous to justify an exception to the policies of Rule 30(c). Recognizing this, however, the bounds of these exceptional situations must be structured so as not to emasculate the rule. Therefore, the touchstone for determining the existence of such an exception to Rule 30(c) should be the potential harm from disclosure, *cf. Preyer v. United States Lines, Inc.,* 64 F.R.D. 430, 431 (E.D.Pa.1973) (indicating rule might not be applicable where refusal to an-

swer is based upon claim of privilege); *in the absence of a showing of some serious harm likely to result from responding to any given question, the policies behind Rule 30(c) require the answer to be given.* (Emphasis supplied; footnote omitted).

None of the reasons given by counsel for the defendant Westinghouse for instructing the witness not to answer fall within the category where an answer would cause some serious harm, i.e. the answer would reveal trade secrets, privileged material, or other confidential material. Counsel for the defendant's instructions, rather, were based on the fact that the subject matter of the questions went beyond the subject matter listed in the 30(b)(6) deposition.

Accordingly, the instructions not to answer were improper and a violation of Rule 30(c), F.R.Civ.P.

The impropriety of defendant's counsel's instructions is more apparent when it is considered that there is a remedy in the rules for dealing with the type of problem which defendant's counsel faced. Rule 30(d), F.R.Civ.P. provides, in pertinent part:

*At any time during the taking of a deposition,* on motion of a party ... and upon a showing that the examination is taken in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or *may limit the scope or manner of taking the deposition as provided in Rule 26(c).* (Emphasis supplied)

Even in the case of a "proper" instruction not to answer, as defined by Judge Flannery, the party who instructs the witness not to answer should *immediately* seek a protective order. *International Union Of Electrical, Radio And Machine Workers, AFL–CIO et al v. Westinghouse Electric Corporation, supra* at 280, footnote 4.

Counsel for Westinghouse did not file a motion pursuant to Rule 30(d), either in the district where the deposition was being taken or in the District of Massachusetts where the case is pending. Rather, counsel for Westinghouse unilaterally directed the witness not to answer and left it to the plaintiff to bring the matter before this Court in the form of a motion for sanctions. This course of conduct was improper and in violation of the Federal Rules of Civil Procedure. Only the Court, not counsel, can order that a deposition be limited or that certain questions not be answered.

However, in all the circumstances, I decline to impose sanctions in this case. Both counsel were at fault. Plaintiff's counsel's questions were improper because they went far beyond the subject matter of the deposition as listed in the 30(b)(6) notice. Counsel for Westinghouse was at fault in the manner in which he reacted to the improper questions and in failing to seek guidance from the Court. Hopefully, both counsel shall refrain from such improper conduct in the future.

Accordingly, it is ORDERED that the Motion For Sanctions (# 103) be, and the same hereby is, DENIED.