Grabau, J.
I. BACKGROUND
This is a medical malpractice action in which counsel for Plaintiff, Robert A. Shuman, Esq., scheduled a 30(b)(6) Deposition requesting items to be produced that were enumerated in two schedules, Schedule A (38 items) and Schedule B (39 items) of the Salem Hospital, a non-party to this action. The depositions were served on the Salem Hospital on March 28, 1996, and were originally scheduled to take place on April 18, 1996, at the law office of plaintiffs counsel. Subsequent to being served with the Subpoena and Notice of Deposition, Salem Hospital, a non-party to this action, retained counsel to represent it and its designated representatives during the 30(b)6) depositions.
Due to the numerous items subpoenaed to be produced by the Salem Hospital at the depositions, counsel for the Salem Hospital, Edward Hinchey, Esq., attempted to narrow the scope of the subpoena and schedules. Prior to the depositions, counsel for Salem Hospital prepared a Motion to Quash the Deposition Subpoena that was sent to Plaintiffs counsel. Telephone conversations and correspondence followed the initial threat of the Motion to Quash. This motion, however, was not filed with the Court. Therefore, I will not rule or take a position on the issues raised in that Motion.
Finally, counsel for Salem Hospital sought to limit the time of questioning of each designated Salem Hospital deponent. Attorney Hinchey notified Attorney Shuman that the director of medical records would be available on June 4, 1996, at 10:00 a.m. and that Nurse Barbara Bent would be available thereafter through noontime. Dr. Wayne Trebbin, Director of the Internal Medicine Residency Program, the last witness, would be available from 1:00 p.m. to 3:00 p.m.. Attorney Shuman never agreed to limit his depositions to this time frame.
After reviewing counsels’ Motion and Salem Hospital’s Opposition and after reviewing the supporting documentation and counsels’ arguments on Plaintiffs Motion, I am satisfied that the parties did not narrow the scope of the subpoena and items to be produced pursuant to Schedules A and B.
The Plaintiffs Motion is predicated on the conduct of counsel for Salem Hospital during the depositions of (1) the Director of Medical Records; (2) Nurse Bent; and (3) Dr. Trebbin. These depositions were commenced on June 4, 1996 at the Salem Hospital because of the number of documents responsive to Schedules A and B of the subpoena for deposition.
The specific offensive conduct of counsel for Salem Hospital at issue is (1) counsel limiting the time each deponent would be available; and (2) counsel instructing witnesses not to answer certain questions raising the attorney-client privilege. The Court was provided with brief passages of each deposition. A review of the deposition passages submitted by Plaintiff presents only one question that was objectionable because it was phrased as an expert question.
II. DISCUSSION
INSTRUCTING NOT TO ANSWER
Rule 30(c) of the Massachusetts Rules of Civil Procedure provides in pertinent part as follows:
Evidence objected to shall be taken subject to objections. Mass.R.Civ.P. 30(c).
The United States District Court interpreted a similar provision in the Federal Rules of Civil Procedure to mean that, as a general rule, instructions not to answer questions at a deposition are improper. Paparelli v. Prudential Insurance Co. of America 108 F.R.D. 727, 730, (D. Mass. 1985), citing Inter-national Union of Electrical Radio and Machine Workers, Etc. v. Westinghouse Electric Corporation, 91 F.R.D. 277 (D.D.C. 1981). The only exception to Rule 30(c) would be in those situations where serious harm would be caused. Id. An answer to a deposition question revealing trade secrets, privileged material or other confidential material is considered to cause some serious harm. Paparelli, at 731. In those situations, an instruction not to answer would be proper but the party who instructs the witness not to answer should immediately seek a protective order. Id.
Counsel for the Plaintiff asked the three deponents who they had conversations with regarding their designation as deponent for the deposition. In each instance, counsel for Salem Hospital objected and instructed the deponent not to answer on the basis of the attorney-client privilege.
Counsel’s instruction to the designated deponent not to answer the above question was improper. The identity of who was present during conversations that took place before the deposition is not privileged by the attorney-client privilege.[1] The Court is not ruling on any follow-up questions on the issue of the contents of the conversations, if any, that may have taken place or on the scope of the attorney-client privilege of a corporate client and its agents, servants and/or employees.
Other than the one objectionable question mentioned supra, none of the deposition questions submitted to the Court elicited answers that would cause the serious harm discussed by the Paparelli Court. No trade secrets, privileged materials or other confidential materials were elicited.
ATTORNEYS’ CONDUCT DURING DEPOSITION
The issue of conduct of attorneys during depositions is one that has recently been the topic of various Superior Court decisions.
A deposition is an extension of a judicial proceeding. It should be attended and conducted with the *468 same sense of solemnity and the same rules of etiquette that would be required were the parties in the courtroom itself. The lawyer conducting the examination must ask questions and obtain answers — not demean, insult or hurl epithets at the opposing witness or counsel. The lawyer representing a witness must make objections, when objections are required, succinctly and with the same brief precision required during the trial itself. If either lawyer encounters what he or she perceives to be an impenetrable roadblock, the remedy provided by the rules is clear: The deposition should be halted until a judicial resolution can be obtained. Mass.R.Civ.P. 30(d). Self-help through bombast or insults is not an option.
Cholfin v. Gordon, Middlesex Superior Court C.A. No. 94-3623, at page 18 [3 Mass. L. Rptr. 356] (March 22, 1995).
“Conduct that is not permissible in the courtroom during the questioning of a witness is ordinarily not permissible at a deposition.” Ethicon Endo-Surgery v. United States Surgical Corp., 160 F.R.D. 98, 99 (S.D. Ohio 1995).
In Hall v. Clifton Precision, A division of Litton Systems, Inc., 150 F.R.D. 525, 528 (E.D. Pa. 1993), the court enumerates several purposes of discovery and deposition rules in particular: (1) to elicit the facts of a case before trial; (2) to even the playing field somewhat by allowing all parties access to the same information thereby tending to prevent trial by surprise; (3) the memorializaüon, the freezing, of a witness’s testimony at an early stage of the proceedings, before that witness’s recollection of the events at issue either has faded or has been altered by intervening events, other discovery, or the helpful suggestions of lawyers. The Hall Court wrote:
The underlying purpose of a deposition is to find out what a witness saw, heard, or did — what the witness thinks. A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness’s own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers. The witness comes to the deposition to testify, not to indulge in a parody of Charles McCarthy, with lawyers coaching or bending the witness’s words to mold a legally convenient record. It is the witness — not the lawyer — who is the witness. As an advocate, the lawyer is free to frame those facts in a manner favorable to the client, and also to make favorable and creative arguments of law. But the lawyer is not entitled to be creative with the facts. Rather, a lawyer must accept the facts as they develop. Therefore, I hold that a lawyer and client do not have an absolute right to confer during the course of the client’s deposition.
Hall v. Clifton Precision, A division of Litton Systems, Inc., 150 F.R.D. 525, 528 (E.D. Pa. 1993).
The conduct of counsel in the presence of the deponents during the depositions at issue in this case demonstrated an indifference to the Rules of Civil Procedure and conduct that would not be tolerated in any Court in this Commonwealth.
SANCTIONABLE CONDUCT
Rule 37 of the Massachusetts Rules of Civil Procedure expressly provides for awards of costs where attorney misconduct is at issue. Under Mass.R.Civ.P. 37(a)(4), there is authority for ordering counsel for Salem Hospital to pay costs associated with the Plaintiff having to file his Motion to Compel and for Sanctions. The Rules of Civil Procedure do not place any limit on the length of time that a deposition will be conducted in. No attorney can limit the time or scope of a deposition without the Court ruling on those issues first.
The deponents are ordered to appear to complete their deposition testimony. Counsel for Salem Hospital is to allow the deponents to answer all non-privileged questions. Only where there is a legitimate claim of privilege may counsel instruct the deponent not to answer and immediately seek a protective order.
ORDER
In light of the foregoing, it is hereby ORDERED that:
1. Counsel for Salem Hospital pay Plaintiffs costs associated with the filing of this Motion after counsel for Plaintiff submits to the Court an itemized accounting of the costs incurred.
2. Counsel for Salem Hospital is to make each deponent available, with no time restraints, in order to complete the depositions that were commenced on June 4, 1996.
If counsel cannot agree where the depositions are to resume, counsel for Salem Hospital is ordered to produce the deponents at the offices of Plaintiffs counsel.
3. All counsel are ordered to conduct themselves with the same etiquette and solemnity that is mandated in the courtroom.
Counsel are not to exchange jokes with each other in the presence of any deponent on the record.[2] All counsel are to treat every deponent with the utmost respect.
4. All counsel are ordered to refrain from interjecting non-existent privileges as a basis to instruct a client from answering a proper deposition question.
5. Counsel are to reschudule the depositen of Dr. Papadopolous that was originally scheduled for June 14, 1996.
6. Finally, Salem Hospital’s motion entitled, Request for Costs, is to be Denied.

See Transcript p. 40, line 22-24; p. 41, lines 1-11).

“Mr. Bloom: We’ll stop at the Superior Court we can make more money.” (Transcript p.85., lines 5-6; and p.92, lines 16-24.)