KUSKIN, J.T.C.
In this local property tax matter, defendant moved, pursuant to R. 4:23-[1] \ to compel answers to certain questions propounded at depositions and for an award of reasonable expenses, including attorneys fees, in connection with such motion. Defendant also sought other relief relating to discovery. I decided all motions by *180 oral opinion on January 28, 1998. This opinion amplifies that portion of my oral opinion relating to the motions to compel answers to deposition questions and for the award of expenses and attorneys fees.
On October 20, 1997, defendant’s attorney served on plaintiffs attorney a Notice to Take Oral Depositions and for Production of Documents (“Notice”) requiring the production of “such officer(s), agent(s) and/or employee(s) capable of explaining in detail the documents, transactions or issues with regard to the following: 1. A certain Agreement of Lease dated December 10, 1985 between Edison Corporation and United Parcel Service, Inc. as well as any renewals or modifications of same.” The Notice was served pursuant to R. 4:14-2(c) which provides as follows:
Organizations. A party may in the notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testily on its behalf, and may set forth for each person designated the matters on which testimony will be given. The persons so designated shall testify as to matters known or reasonably available to the organization.
In response to the Notice, plaintiff produced Fernando Gonzalez to testify. Mr. Gonzalez was employed by United Parcel Service, Inc. (“UPS”). Plaintiff, Edison Corp., is a wholly-owned subsidiary of UPS, and plaintiffs attorney, Bruce J. Stavitsky, represented Mr. Gonzalez at the deposition. Counsel for defendant propounded deposition questions to Mr. Gonzalez as to the similarities, if any, between braidings used by UPS and buildings used by its competitors. Mr. Stavitsky objected on the grounds that the questions were beyond the scope of the Notice, and instructed Mr. Gonzalez not to answer. During a recess in the deposition, Mr. Gonzalez conferred with Mr. Stavitsky. When the deposition resumed, the attorney for Secaucus attempted to question Mr. Gonzalez about the contents of such conversation. Mr. Stavitsky objected on the grounds that the conversation was protected by lawyer-client privilege (N.J.S.A. 2A:84A-20 and N.J.R.E. 504), and instructed Mr. Gonzalez not to answer. In both instances, Mr. Gonzalez followed Mr. Stavitsky’s instructions and did not answer *181 the questions propounded. Defendant seeks to compel Mr. Gonzalez to answer such questions.
Defendant contends that Mr. Gonzalez is obligated to answer questions relating to the similarity of buildings used by UPS with those used by its competitors because such questions are within the scope of the deposition Notice. I reject This contention and find that these questions relate to a subject matter other than the “documents, transactions and/or issues with regard to the December 10, 1985 lease or any renewals or modifications of same.” This finding does not fully resolve this aspect of the motion. There remains for determination the issue of whether the scope of discovery applicable to a deposition noticed under R. 4:14-2(c) is limited to the specific subject matter described in the notice or is governed by the general standard contained in R. 4:10-2(a). The latter Rule permits discovery as to “any matter, not privileged, which is relevant to the subject matter involved in the pending action.”
There are no reported decisions by New Jersey courts addressing this issue. There, are, however, decisions by United States District Courts concerning the relationship between Fed.R. Civ.P. 30(b)(6) and Fed.R. Civ.P. 26(b)(1), which rules are, in substance, identical to R. 4:14-2(c) and R. 4:10-2(a), respectively.
In Paparelli v. Prudential Ins. Co. of Am., 108 F.R.D. 727 (D.Mass.1985), the court held that a witness produced pursuant to a Fed.R. Civ.P. 30(b)(6) deposition notice may be questioned only as to the subject matter specified in the notice. The court acknowledged that neither the text of the Rule nor the Advisory Committee notes set forth such a limitation, but concluded that the limitation was implied by the procedure set forth in the Rule (particularly the requirement that the deposition notice must “describe with reasonable particularity the matters on which examination is requested”), and by the reasons for the adoption of the Rule as set forth in the Advisory Committee’s notes. The court viewed the Rule as having the purpose of (1) providing the party deposing a corporation with access to a representative having knowledge as to specific subject matter, and (2) allowing *182 the corporation to select the representative to answer questions as to such subject matter.
It makes no sense for a party to state in a notice that it wishes to examine a representative of a corporation on certain matters, have the corporation designate the person most knowledgeable with respect to those matters, and then to ask the representative about matters totally different from the ones listed in the notice.
[Id. at 729-30.]
In King v. Pratt & Whitney, 161 F.R.D. 475 (S.D.Fla.1995), the court rejected the Paparelli analysis.
Rule 30(b)(6) should not be read to confer some special privilege on a corporate deponent responding to this type of notice. Clearly, Plaintiff could simply re-notice the deponent under the regular notice provisions and ask him the same questions that were objected to. However, plaintiff should not be forced to jump through that extra hoop absent some compelling reason. Rather, the rule is best read as follows:
1) Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions regarding the subject matter listed in the notice.
2) If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Ride 30(b)(6) obligations and may be subject to sanctions____
3) If the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern (ie. FecLR.Cm.P. 26(b)(1)) so that relevant questions may be asked and no special protection is conferred on the deponent by virtue of the fact that the deposition was noticed under 30(b)(6).
4) However, if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party’s problem.
[Id. at 476.]
The interpretation of Fed.R. Civ.P. 30(b)(6) in King v. Pratt & Whitney is more consonant with the intent and purpose of the rules of discovery, particularly as reflected in Fed.R. Civ.P. 26(b)(1) and R. 4:10-2(a), than the interpretation in Paparelli v. Prudential Ins. Co. of Am. Discovery rules should be “construed liberally in favor of broad pretrial discovery,” Payton v. N.J. Turnpike Auth., 148 N.J. 524, 535, 691 A.2d 321 (1997), and so as to promote “expeditious handling of cases.” Zaccardi v. Becker, 88 N.J 245, 252, 440 A.2d 1329 (1982). R. 4:14-2(c) sets forth a procedure for noticing depositions. This procedure is intended to insure that the witness produced by a corporation will have factual knowledge in the area of inquiry specified in the notice. The Rule *183 should not be construed to impose a substantive restriction on the scope of discovery permitted by R. 4:10-2(a).
As suggested in King v. Pratt & Whitney, if R. 4:14-2(c) limited the scope of examination to the subject matter specified in the deposition notice, the deposing party could easily circumvent the limitation by serving a separate notice, under R. 4:14-2(a), naming the person produced pursuant to the R. 4:14-2(c) notice. Interpreting the relationship between R. 4:14 — 2(c) and R. 4:10-2(a) to require this second notice (1) is inconsistent with a liberal construction of the discovery rules, (2) is contrary to the goal of expedition in the handling of cases, (3) accomplishes nothing of substance, and (4) wastes attorneys’ time.
I conclude, therefore, that, even though the specific questions which are the subject of defendant’s motion were outside the scope of the Notice, defendant’s counsel was permitted to ask those questions, as well as any other questions allowed under R. 4:10-2(a). Accordingly, defendant’s motion to compel answers to deposition questions relating to similarities between UPS buildings and competitors’ buildings is granted.
The second aspect of defendant’s motion relates to questions concerning a conference between Mr. Gonzalez and Mr. Stavitsky during a recess in the deposition. Such conference was not precluded under R. 4:14-3(0. The Rule provides as follows:
Consultation with the Deponent. Once the deponent has been sworn, there shall be no communication between the deponent and counsel during the course of the deposition while testimony is being taken except with regard to the assertion of a claim of privilege, a right to confidentiality or a limitation pursuant to a previously entered court order.
Judge Pressler’s comment clarifies the applicability of the Rule:
Since the Rule speaks only to “while the deposition is being taken,” it clearly does not address consultation during overnight, lunch, and other breaks.
[Pressler, Current N.J. Court Rules, comment R. 4:14-3(i)(1998).]
As set forth above, Mr. Stavitsky, on the basis of the lawyer-client privilege, N.J.R.E. 504, N.J.S.A. 2A:84A-20, objected to questions concerning matters discussed in the conference, and instructed Mr. Gonzalez not to answer. Because Mr. Stavitsky represented Edison Corp., a wholly-owned subsidiary of Mr. Gon *184 zalez’s employer, UPS, and not UPS itself, the court must determine whether the privilege extends to a conversation between an employee of a parent corporation and the attorney for its wholly-owned subsidiary.
The lawyer-client privilege is broad in scope. In Upjohn Co. v. United States, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), the Supreme Court refused to confine the privilege to communications between a corporate attorney and a member of the “control group,” that is, those officers and agents of a corporation responsible for determining its response to legal advice. The Court held that such a limitation would make it “more difficult to convey full and frank legal advice to the employees who will put into effect the client corporation’s policy.” Id. at 392, 101 S.Ct. at 684. In Amatuzio v. Gandalf Systems Corp., 932 F.Supp. 113 (D.N.J. 1996), the court relied on Upjohn Co. for the proposition that “in some situations every employee can be the client for purposes of confidential communication with an attorney.” Id. at 117. See also Sicpa North America, Inc. v. Donaldson Enterprises, Inc., 179 N.J.Super., 56, 430 A.2d 262 (Law Div.1981) (citing Upjohn in interpreting N.J.S.A 2A:84A-20).
The lawyer-client privilege retains its broad scope in the parent-subsidiary context. In Admiral Ins. Co. v. U.S. District Court for the District of Arizona, 881 F.2d 1486 (9th Cir.1989), the court rejected the argument that statements by an employee of a subsidiary to the attorney for the parent corporation were not privileged. The court explained that:
Upjohn rejected a mechanistic approach to applications of the attorney-client privilege in the corporate context. Thus, communications between employees of a subsidiary corporation and counsel for the parent corporation, like communications between former employees and corporate counsel, would be privileged if the employee possesses information critical to the representation of the parent company and the communications concern matters within the scope of employment.
[Id. at 1493 n. 6.]
In United States v. Am. Tele. & Tele. Co., 86 F.R.D. 603 (D.D.C. 1980), the court summarized the law as to the attorney-client privilege, in the parent-subsidiary context, as follows:
The cases clearly hold that a corporate “client” includes not only the corporation by whom the attorney is employed or retained, but also parent, subsidiary and affiliate *185 corporations____If the claimant of the privilege can show a substantial identity of legal interest in the specific matter, it ... makes no difference whether the two corporations were so affiliated as to be a single “client.” But if there is no such community of interest in seeking advice, for example when the matter is transmitted simply for information, the question of closeness of affiliation may arise.
[Id. at 616.]
See also Bowne of N.Y. City, Inc. v. AmBase Corp., 150 F.R.D . 465, 491 (S.D.N.Y.1993) (stating that “A number of courts have upheld the privilege for communications by the parent with its wholly-owned subsidiary, but they have done so only upon a showing that a common attorney was representing both corporate entities or that the two corporations shared a common legal interest and thus came within the joint client rule____” (citations omitted)).
N.J.R.E. 504, N.J.S.A. 2A:84A-20(3), defines “client” as including “a person or corporation ... that, directly or through an authorized representative, consults a lawyer ... for the purpose of retaining the lawyer or securing legal service or advice from him in his professional capacity; ____” Such definition should be interpreted in a manner consistent with the foregoing court decisions. Here, I find that plaintiff, Edison Corp., and its parent, UPS, have a substantial community of legal interest in this tax appeal. The lease agreement between them required the tenant, UPS, to pay real estate taxes as well as other operational costs. The outcome of Edison Corp.’s tax appeal will, therefore, have a direct impact on the parent corporation. Mr. Gonzalez’s testimony, based upon his knowledge as an employee of UPS, provided information as to the lease relationship between UPS and Edison Corp. and other information relevant to the claim of the subsidiary. After applying the standards articulated in Admiral Ins. Co., and the other cases discussed in the preceding paragraph, to these findings, I conclude that the lawyer-client privilege applies to communications between Mr. Stavitsky, the attorney for the subsidiary, and Mr. Gonzalez, the employee of the parent. Accordingly, defendant’s motion to require Mr. Gonzalez to answer questions concerning the substance of his conversation with Mr. Stavitsky is denied.
*186 Remaining for decision is defendant’s application under R. 4:23-l(e) for reasonable expenses, including attorneys fees, in connection with these motions. At the argument of the motions, plaintiff made an informal application, also under R. 4:23-l(c), for a similar award in the event the motions are denied. The Rule provides for the granting of reasonable expenses and attorneys fees to the party prevailing on a discovery motion unless the court finds that the making of the motion, or opposition thereto, “was substantially justified or that other circumstances make an award of expenses unjust.” R. 4:23-l(c). I find that, here, there was a good faith dispute between the attorneys. As discussed above, there is no reported New Jersey decisional law defining the scope of the examination of a witness noticed for depositions under R. 4:14-2(c), and the decisions by the federal courts under Fed.R. Civ.R. 30(b)(6) are in conflict. The applicability of the lawyer-client privilege to communications between an employee of a parent and the attorney for a subsidiary is not discussed in any reported decision of the New Jersey courts. Under these circumstances, the awarding of expenses and attorneys fees to either party would be inappropriate, and I deny the motions by both parties for such relief.
My denial of the defendant’s motion for expenses and attorneys fees does not constitute approval of Mr. Stavitsky’s instructing Mr. Gonzalez not to answer questions which Mr. Stavitsky regarded as beyond the scope of the deposition Notice. Such instructions were improper under R. 4:14-3(c) which permits instructions not to answer only if “the basis of the objection is privilege, a right to confidentiality or a limitation pursuant to a previously entered court order.” See Paparelli v. Prudential Ins. Co. of Am., supra, 108 F.R.D. at 731. Under this Rule, Mr. Stavitsky’s instructions not to answer based on the lawyer-client privilege were proper.

 4:10-1 through R. 4:18-2 and R. 4:22 through R . 4:25, governing pretrial discovery in the Superior Court, are applicable to the Tax Court (with certain exceptions not relevant to this matter) pursuant to R. 8:6-l(a).