**OVERSEAS PRIVATE INVESTMENT CORPORATION, Plaintiff,**

v.

**Jonathan MANDELBAUM, et al., Defendants.**

**No. CIV. A.97–1138 CKK/JMF.**

United States District Court, District of Columbia.

March 15, 1999.

**MEMORANDUM OPINION**

FACCIOLA, United States Magistrate Judge.

On December 17, 1998, defendants ("the Mandelbaums") served an amended notice of deposition upon the plaintiff, the Overseas Private Investment Corporation ("OPIC"), pursuant to F.R. Civ. P. 30(b)(6). It advised OPIC that it had a duty to designate a person to testify on its behalf and indicated that the deposition would "concern all relevant and material matters in connection with the matters stated on Appendix A." Exhibit D to OPIC's *Reply in Support of Its Motion For Clarification and For Partial Modification of Order of the Magistrate Judge Dated August 19, 1998.* Appendix A then listed eight areas of inquiry.

On January 27, 1998, Judge Kollar–Kotelly dismissed one count of OPIC's complaint, charging fraud, and in a status conference indicated that, in light of her ruling, the topics of the deposition set forth in Appendix A to the Mandelbaums' 30(b)(6) notice of deposition were too broad and she instructed counsel to consult with each other and narrow them.

Pursuant to that instruction, an attorney for OPIC, Jennifer Short, Esq., wrote to the Mandelbaum's counsel on January 27, 1998 that the OPIC 30(b)(6) deposition should be limited to four areas of inquiry:

1. The drafting and execution of the Loan Agreement (dated December 9, 1993) between Empresas Textiles Fil, S.A. ("Empresas") and OPIC, and of the related Promissory Note, Guaranty Agreement, and other exhibits to the Loan Agreement.

2. The drafting of the Walk Away Provisions that are set forth in Exhibit B to the Loan Agreement.

3. The Mandelbaums's alleged exercise of the Walk Away Provisions on or about December 8, 1995.

4. Communications between OPIC and Empresas, Jonathan Mandelbaum, Maurice Mandelbaum, and any of their employees, agents, directors, officers, attorneys, affiliates or representative subsequent to the execution of the Loan Agreement and related documents.

She sought the Mandelbaums' agreement to her designation of the topics for the deposition.

On January 29, 1998, she wrote to the Mandelbaums' counsel, confirming that in a telephone conversation, one of the Mandelbaums' counsel (Eldad Gal, Esq.) had agreed that her designation of the four topics for the deposition was reasonable. Ms. Short has

also submitted a declaration to the same effect about the phone conversation.

Prior to the depositions, however, OPIC did not name its witnesses. Instead, at the deposition, counsel announced that one OPIC representative, Kenneth Hansen, would testify that as to the first two topics specified in Short's letter, and a second OPIC representative, Nancy Rivera, would testify as to the last two.

The Mandelbaums protested OPIC's refusal to name the persons who would be witnesses before the deposition and OPIC's claims of attorney client privilege and work product privilege as to certain documents. I resolved that dispute in my order of August 19, 1998, and asked the parties to try to agree as to the proper topics for the 30(b)(6) depositions. Unfortunately, they have not been able to do so. OPIC persists in its view that the four topics specified in the Short letter are the only proper topics and that Hansen can be asked non-duplicative questions only about the first two for which he was specifically designated. OPIC also allows that inquiry of Hansen may be made as to documents which were originally the subject of claims of attorney client privilege or work product, but have since been rejected by me and my doing so affirmed by Judge Kollar–Kotelly. The Mandelbaums go to the opposite extreme and "maintain that the Federal Rules of Civil Procedure permit them to ask the 30(b)(6) witnesses any question which is relevant to any factual assertions in the pleadings which is calculated and designed to led to the discovery or relevant and admissible evidence." Letter of Eldad Gal, Esq, dated March 4, 1999.

F.R. Civ. P. 30(b)(6) provides:

A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Interestingly, the courts are as badly divided on the proper interpretation of this rules as the parties in this case. In *Paparelli v. Prudential Insurance Co.*, 108 F.R.D. 727 (D.Mass.1985), Magistrate Judge Collings read the rule as OPIC did, finding it improper to question a 30(b)(6) witness as to matters beyond those described with reasonably particularity in the notice of deposition. In *King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D.Fla.1995), Judge Gonzalez specifically rejected Judge Collings' decision and held that once a corporation has produced someone capable of speaking to the matters described in the notice of deposition, the scope of the inquiry is guided only by the general discovery standard of Fed.R.Civ.P. 26(b)(1). *Accord Edison Corp. v. Secaucus*, 17 N.J.Tax 178 (1998).

Of the two interpretations, I favor Judge Gonzalez's. First, if a five-person partnership is a defendant, each partner could be deposed and asked questions without any limit other than the one imposed by the general discovery standard. I am hard pressed to see why corporate officials should have an immunity from ordinary discovery that no one else could claim. I therefore fear that Judge Collings' and OPIC's view of Rule 30(b)(6) leads to the conclusion that while other witnesses may be asked any question which may lead to the discovery of relevant evidence, corporate officials designated under 30(b)(6) can be asked any question which may lead to the discovery of relevant evidence only if the question falls with the matters described in the 30(b)(6) notice of deposition. Finding in 30(b)(6), which was enacted for entirely different purposes, an implicit repeal of the broad discovery standard in 26(b)(3) for corporations and corporations alone, is a most unattractive reading of 30(b)(6). Second, under OPIC's and Judge Collings' view, a corporate officer who un-

questionably had important information to provide could escape having to provide it because that topic of the information was not described in the notice of deposition. That substitutes hyper-technical pleading and gamesmanship for the true purposes of discovery. Third, as Judge Gonzalez points out, if the corporate deponent has no knowledge about a particular topic, he need only say so. Continued pursuits into areas where the deponent has no knowledge can be stopped by the issuance of protective orders. I can assure the parties I will grant such orders during the deposition if necessary and the offending counsel will rue his or her wasting everyone's time.

Finally, OPIC's position goes further than Judge Collings'. OPIC does not want to merely limit the Mandelbaums' inquiry in general to certain topics but wants to limit Hansen's testimony to only two of the four topics OPIC admits are relevant. This would mean that Hansen could not be compelled to testify as to admittedly relevant information he might have as to all four topics because OPIC prefers that he speak to only two of the four. I cannot read any Federal Rule of Civil Procedure as granting a party such a right; to the contrary, upon being deposed, witnesses must provide all the information he has which is relevant or likely to lead to relevant information. I cannot excuse Hansen from this responsibility merely he works for a corporation.

With that said, I must remind the Mandelbaums that, over one year ago, Judge Kollar–Kotelly indicated that the proposed eight topics of the OPIC 30(b)(6) deposition were too broad and would have to be limited to the relevant issues in this case, in light of her ruling on the motion to dismiss. She specifically instructed counsel to try to reach agreement on more narrowly defined topics. The Mandelbaums' taking of the extreme position that there should be no limit on the OPIC 30(b)(6) deposition other than the general discovery standard defies her direction in the most obvious way. If she thought that the eight areas were too broad, what leads the Mandelbaums to believe that she would permit a deposition with no limits whatsoever? Yet, that is what they propose. Whatever the general scope of a 30(b)(6) deposition may be, the scope of this one, by judicial order, must be narrowed to particular topics before it may proceed. The Mandelbaums will not be permitted to take the deposition until it is limited as Judge Kollar–Kotelly directed.

It appears to me that the four topics set out in Short's letter are appropriate limits, whether or not, as OPIC claims, the Mandelbaums agreed to them. Nevertheless, to end further wrangling over this issue and to preclude the need for a protective order when the deposition starts, I will give the Mandelbaums one last opportunity to propose additional topics of discovery. For each topic they propose they must explain to me in careful detail why they believe that topic is appropriate in light of Judge Kollar–Kotelly's order dismissing the fraud count in OPIC's complaint, and her more recent order granting OPIC partial summary judgment. If they do not propose any additional discovery topics beyond those four original topics, Hansen's deposition will be limited to them. Lest there be any doubt, I am rejecting OPIC's demand that Hansen's deposition be limited to the first two topics in the Short letter. He must testify as to all four.

OPIC is justifiably concerned that since Hansen is an attorney the questions asked of him may invade the attorney client or work product privileges. The parties now have the most comprehensive and exhaustive analysis of the application of those privileges to the discovery in this case that Judge Kollar–Kotelly and I are capable of. I will deem every question asked at the deposition to be a certification by the attorney asking it that it does not seek the disclosure of information which is protected from disclosure by either privilege as I and Judge Kollar–Kotelly have defined and applied them.[1] I will deem every objection made to be a certification by the attorney making it that the question seeks information which is protected by ei-

---

1. It nearly goes without saying that, insofar as Judge Kollar–Kotelly reversed my determina-    tions, her decision and not mine controls.

ther privilege as I and Judge Kollar–Kotelly have defined and applied them. If I find upon reviewing the transcript that, despite these certifications, an improper question has been asked or an improper objection asserted, I will recommend to Judge Kollar–Kotelly that the offending attorney be held in contempt.

An order accompanies this memorandum.