**CABOT CORPORATION, Plaintiff,**

v.

**YAMULLA ENTERPRISES, INC., et al., Defendants.**

No. CIV.A. 3:CV–96–0899.

United States District Court, M.D. Pennsylvania.

July 19, 2000.

Richard S. Bishop, Scranton, PA, Kevin P. Light, David A. Foreman, Brian A. Davis, Choate, Hall & Stewart, John Traficonte, Cabot Corporation, Boston, MA, for Cabot Corporation, plaintiffs.

Charles P. Gelso, Wilkes–Barre, PA, John Rogers Carroll, Philadelphia, PA, Thomas J. Carlyon, Carlyon, Carlyon & McNelis, Hazleton, PA, George A. Reihner, Elliott, Reihner, Siedzikowski, North & Egan, John G. Dean, Scranton, PA, Sal J. Cognetti, Jr., Foley, Cognetti & Comerford, Scranton, PA, George R. Hludzik, Drums, PA, for Yamulla Enterprises, Inc., Richard E. Angelo, Inc., General Demolition Company, David M. Yamulla, Richard E. Angelo, Fred Liant, Robert Tarapchak, defendants.

## *MEMORANDUM*

CAPUTO, District Judge.

Before me is the Motion to Compel Testimony (doc. 200) filed by the defendants seeking to compel the testimony of Karen Morrissey, plaintiff's Rule 30(b)(6) designee, and to sanction plaintiff's refusal to permit her to answer questions at her deposition. Because I choose to follow *King v. Pratt & Whitney,* 161 F.R.D. 475 (S.D.Fla.1995), the motion will be granted in part and denied in part.

## *BACKGROUND*

On August 6, 1999, a notice pursuant to Rule 30(b)(6) was served on plaintiff. The notice is as follows:

> Pursuant to Fed.R.Civ.P. 30(b)(6), Plaintiff Cabot Corporation shall designate one or more persons to testify on the following matters:
>
> 1) The audit and/or investigation of the projects at Plaintiff's Hazleton property as detailed in the attached May 22, 1995 memorandum from Jeremy Littleton to John Cabot, including the "over engineering" associated therewith;
>
> 2) The scope and details of the review which is referenced in the attached May 22, 1995 memorandum; and
>
> 3) All information related to the review which supports or relates to the characterization that the Hazleton projects' bid process "is indicative of a compromised bid process" as claimed on the attached report.

On the appointed date, plaintiff produced Karen Morrissey as its Rule 30(b)(6) designee. During the course of the deposition, defendants' counsel asked various questions

to which plaintiff's counsel objected on the basis they were beyond the scope of the notice. In addition, plaintiff's counsel instructed Ms. Morrissey not to answer those questions and she complied.

## DISCUSSION

There are two issues: (1) whether the Rule 30(b)(6) notice defines the scope of the deposition, and (2) if so, whether the questions objected to were beyond that scope. Since I hold that the Rule 30(b)(6) notice does not define the scope of the deposition, the second issue is moot.

Plaintiff cites *Paparelli v. Prudential Insurance Co. of America*, 108 F.R.D. 727 (D.Mass.1985) where it was held that the words that require the party noticing the Rule 30(b)(6) deposition to "describe with reasonable particularity the matters on which the examination is requested" limit the scope of the deposition to the contents of that notice. I am of the view that the decision in *King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D.Fla.1995), which is contrary to *Paparelli*, is more sound, and I choose to follow it.[1] Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery "unless otherwise ordered by the court." I do not read Rule 30(b)(6) as carving out a special limitation on the scope of discovery defined in Rule 26(b)(1). Moreover, it is my view that Rule 26(b) does not permit such a special limitation. Indeed the language of Rule 26(b) provides that the only way to change the scope of discovery set forth in Rule 26(b)(1) is by order of the court "in accordance with

these rules."[2] It is therefore untenable to suggest that "describe with reasonable particularity the matters on which the examination is requested" is a limitation on the scope set forth in Rule 26(b)(1). It is inconsistent with the dictates of Rule 26(b).

Plaintiff urges that the limitation suggested by the notice is apt because the discovery deadline has passed. This deposition designation was filed in August, 1999, before the deadline passed. For reasons I need not recount here, it was not taken at that time. Suffice it to say it was not due to the dalliance of the defendants. Moreover, since the deposition is permitted, it will proceed with its scope limited only by Rule 26(b)(1).

The defendants also seek sanctions. They will be denied. Plaintiff had a basis to conduct itself during the deposition as it did, namely the *Paparelli* case.

Therefore, the Motion to Compel Testimony will be granted in part and denied in part. The deposition will proceed in accordance with this holding; and the portion of the motion seeking sanctions will be denied.

---

1. *Overseas Private Inv. Corp. v. Mandelbaum*, 185 F.R.D. 67 (D.D.C.1999) is in accord with *King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D.Fla.1995).

2. Federal Rule of Civil Procedure 26(c) provides in part:

> ... on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

Federal Rule of Civil Procedure 30(d)(3) provides in part:

> ... upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c).

Federal Rule of Civil Procedure 35 provides in part:

> Physical and Mental Examinations—The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.