[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER
The Plaintiff, DGG Properties Co., Inc. ("DGG"), has moved for a protective order precluding the Defendant, Konover Construction Corp. ("Konover"), from continuing the corporate designee deposition of David Onofrio which began on June 6, 2000. Konover has re-noticed this deposition.
Factual and Procedural Background
On January 24, 2000, Konover served its first Notice of Deposition on DGG's corporate designee. On February 16, 2000, DGG moved for a Protective Order. On May 8, 2000, the Court ordered that DGG comply with Konover's Notice of Deposition on or before June 9, 2000. The depositions of DGG's corporate designees, Michael Dattilo and David Onofrio, were taken on June 6 and June 7, 2000.
Counsel for Konover originally estimated that the corporate designee deposition would require one day but later indicated that he would require a day and a half. During the deposition of Mr. Onofrio, Konover's counsel made it clear that he could not conclude the depositions in a day or two, as previously estimated. Trans. 6/7/00, p.m., p. 68, 1n. 23-25, p. 69, 1n. 1-5. On August 4, 2000, Konover re-noticed the deposition of DGG's corporate designee.
DGG moved for a protective order on August 24, 2000, claiming that CT Page 11399 Konover abused the corporate designee discovery mechanism and wasted the time and resources of both parties by repeatedly questioning Mr. Onofrio on matters far outside the proper scope of a corporate designee deposition. DGG seeks to have Konover either (1) precluded from continuing the deposition, or (2) permitted only to conduct this discovery via interrogatories and requests for production.
Discussion of Law and Ruling
Conn. Practice Book § 13-5 controls any inquiry into whether a protective order should be issued. It provides in relevant part:
 Upon motion by a party from whom discovery is sought, and for good cause shown, the Court may make an order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden and expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery . . .
"Good cause" is a legal term of art, and has been defined as "a sound basis or legitimate need to take judicial action." In re: Alexander Grantand Co. Litigation, 820 F.2d 352, 356, 11th Cir., (1987).[1] "The extent of discovery and use of protective orders is clearly within the discretion of the trial Judge." Carrier Corp. v. The Home Ins. Co.,
1992 Conn. Super. LEXIS 326. "The granting or denial of a discovery request rests within the sound discretion of the trial court, yet this discretion is limited through the provisions of the rules pertaining to discovery, including the mandatory provision that discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of an action." Automation Systems Integration, Inc. v.Autoswage-Products Inc., 17 Conn.L.Rptr. 49, 1996 WL 278275 (1996).Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 57-59, 459 A.2d 503
(1983).
Proper Scope of Corporate Designee Deposition
At issue is the permitted scope of designee depositions under Conn. Prac. Book § 13-27 (h) which provides that:
 (h) A party may in the notice and in the subpoena name as the deponent a public or private corporation or a CT Page 11400 partnership or an association or a governmental agency or a state officer in an action arising out of the officer's performance of employment and designate with reasonable particularity the matters on which examination is requested. The organization or state officer so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. This subsection does not preclude the taking of a deposition by any other procedure authorized by the rules of practice.
Due to the absence of Connecticut authority construing Conn. Prac. Book § 13-27 (h) or its predecessor, § 244(g), the Court should look to Fed.R.Civ.P. 30(b)(6) for guidance, which contains a similar provision addressing designee depositions.[2]
The plaintiff construes the phrase "designate with reasonable particularity the matters on which examination is requested" as a limitation on the party noticing a corporate designee deposition. The defendant argues that the parameters of any deposition are controlled by Conn. Prac. Book § 13-2.[3]
The weight of case law construing the permitted scope of designee depositions under the federal rules is clear. Fed.R.Civ.P. 30(b)(6) does not operate as a repeal of the broad and liberal discovery standards afforded to parties in a civil action. Cabot Corp. v. Yamulla Enter.,Inc., 194 F.R.D. 499, 500 (M.D. Pa. 2000); Overseas Private InvestmentCorp. v. Mandelbaum, 185 F.R.D. 67, 68 (D.D.C. 1999); Starlight Intern,Inc. v. Herlihy, 186 F.R.D. 626, 638 (D. Kan. 1999); King v. Pratt Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995); see also Edison Corp. v.Town of Secaucus, 17 N.J. Tax 178 (1998) (construing substantively identical New Jersey rule of practice). But see, Paparelli v. PrudentialInsurance Co., 108 F.R.D. 727 (D. Mass. 1985).
While neither the Connecticut nor federal rule is explicit on its face, it is untenable to suggest that they were meant to carve out a special limitation on discovery for corporate designees. Rather than limit the scope of normal discovery, Conn. Prac. Book § 13-27 (h) is meant to give notice to the corporation so that the appropriate number of persons, properly prepared, will be produced to give complete answers for the corporation at the deposition. Starlight Intern, Inc. v. Herlihy, 186 CT Page 11401 F.R.D. 626, 638 (D.Kan. 1999) (quoting Audiotext Communications Network,Inc. v. U.S. Telecom, Inc., No. Civ.A. 94-2395-GTV, 1995 WL 625962, at *13 (D.Kan. Oct. 5, 1995)). See also, Cabot Corp. v. YamullaEnterprises, Inc., 194 F.R.D. 499 (M.D. Pa. 2000), King v. Pratt Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995).
To read Conn. Prac. Book § 13-27 (h) in the manner suggested by the Plaintiff would provide greater notice and protection to corporate deponents than to other party deponents. "[T]o the contrary, upon being deposed, witnesses must provide all the information he has [sic] which is relevant or likely to lead to relevant information. [The court] cannot excuse [a witness] from this responsibility merely [because] he works for a corporation." Overseas Private Inv. Corp. v. Mandelbaum,185 F.R.D. 67, 69 (D.D.C. 1999).
As plaintiff's counsel noted at the deposition, even if Conn. Prac. Book § 13-27 (h) limited the scope of a corporate designee deposition, opposing counsel could simply notice the deposition of Mr. Onofrio as an individual pursuant to Conn. Prac. Book § 13-2. Trans. 6/7/00, a.m., p. 73, ln. 15-25, p. 74, ln. 1-7. Interpreting the rule in such a manner would elevate form over substance, which Connecticut courts have long eschewed. Metropolitan Dist. Commission v. AFSCME, 237 Conn. 114,121-22, 676 A.2d 825 (1996), Starr v. Commissioner of EnvironmentalProtection, 236 Conn. 722, 742-43, 675 A.2d 430 (1996), Whalen v. Ives,37 Conn. App. 7, 17, 654 A.2d 798 (1995), Reichert v. Sheridan,34 Conn. App. 521, 525, 642 A.2d 51 (1994). The result would be inconsistent with the intent of our liberal discovery rules, would be contrary to the goal of judicial efficiency, would accomplish nothing of substance, and would waste the time of the attorneys and the deponent.See, Edison Corp. v. Seacaucus, 17 N.J. Tax 178, 183 (1998).
Our rules of discovery are meant to serve the ends of justice by "facilitating an intensive search for the truth through accuracy and fairness, provid[ing] procedural mechanisms designed to make a "trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" Pickettsv. Int'l. Playtex, Inc., 215 Conn. 490, 508, 576 A.2d 518 (1990), UnitedStates v. Procter and Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983,2 L.Ed.2d 1077 (1958); see Pool v. Bell, 209 Conn. 536, 541, 551 A.2d 1254
(1989); Sturdivant v. Yale-New Haven Hosp., 2 Conn. App. 103, 106,476 A.2d 1074 (1984); K. Sinclair, Federal Civil Practice (2d Ed.) 9.03 through 9.10. Conn. Prac. Book § 13-27 (h) requires a corporation to provide one or more persons who can accurately and fully answer questions on the particular subjects presaged by the notice. It does not, however, limit the scope of discovery allowable under Conn. Prac. Book § 13-2. The examining party may ask questions outside the scope of the matters CT Page 11402 described in the § 13-27 (h) notice, as long as the information sought would be admissible at trial or appears reasonably calculated to lead to the discovery of admissible evidence.
Likewise, the same rules for objecting to questions at a deposition apply, whether the deposition has been noticed under Conn. Prac. Book § 13-27 (h) or § 13-27 (a). "All questions, including those objected to, are to be answered; . . . . unless the objecting party procures from the court a protective order precluding or limiting the scope of disclosure." Pavlinko v. Yale-New Haven Hosp., 192 Conn. 138,143, 470 A.2d 246 (1984). Of course, "[a] party has a perfect right to object at trial to any deposition testimony . . .; if it wants more protection, all it has to do is follow the rules providing for the securing of pre-deposition protective orders." Goenne v. Aetna Life Casualty, 1994 WL 65219 (Conn.Super. 1994).
Because Conn. Prac. Book § 13-27 (h) does not carve out a special limitation on the scope of discovery for a corporate designee, but rather provides specific notice to a corporation of the subjects upon which its designee must be fully prepared to testify, the Motion for Protective Order is denied.
By the court,
Aurigemma, J.