**TROUT, Plaintiff-Appellee, v. TIPTON, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5386.   Decided September 26, 1956.

Russell H. Volkema, Columbus, for plaintiff-appellee.
James B. Yaw, George W. Gross, Columbus, for defendant-appellant.

## OPINION

By MILLER, PJ.

This is a law appeal from the Municipal Court of Columbus, Ohio. The action was one seeking damages for the conversion of certain chattels by Ellen Tipton, the defendant-appellant herein. A trial was had without the intervention of a jury, which resulted in a judgment for the plaintiff in the sum of $600.00.

Three errors have been assigned, to wit:

1. Was plaintiff's interest or ownership in the property sufficient to enable her to prosecute an action for conversion?

2. Was there a wrongful taking or unlawful detention of plaintiff's property by the defendant?

3. Does the evidence justify a judgment of Six Hundred ($600.00) dollars and costs in favor of the plaintiff?

The record reveals that the plaintiff-appellee, Geraldine Trout was married to the son of the defendant. Arrangements were made whereby it was agreed that the plaintiff and her husband were to live in certain rooms in the defendant's home; that in consideration for the same the plaintiff agreed to pay the rental on the home amounting to ninety dollars per month; that the apartment the plaintiff and her husband occupied was quite small, by reason of which she was granted permission to store in defendant's attic some personal property, consisting of wedding gifts, luggage, bedclothes and cooking utensils, some of which were her own and some were jointly owned by the plaintiff and her husband. After the lapse of some five months domestic trouble arose and the plaintiff and her husband moved out of the premises. The plaintiff at that time demanded of the defendant the key to the attic for the purpose of moving the articles stored therein. This was refused, as well as on several other occasions, the last of which being after the plaintiff's husband had deceased.

The record clearly establishes that the plaintiff individually owned some of the property and that some was jointly owned by her and her husband. Therefore, the plaintiff's interest in the property was such as to entitle her to maintain the action.

Turning our attention next to the second error assigned, we are of the opinion that there was a wrongful taking since proof of demand and refusal is established by the record, although there is some conflict as to the time the same occurred. The plaintiff's evidence showed that the demand and refusal were made while her husband was living. So her recovery must be limited to the interest she had in the property at that time. Counsel for the appellant urges that there was not a tortious taking and therefore there can be no wrongful conversion. We cannot concur in such a conclusion. The taking became wrongful when the plaintiff was denied the right to exercise dominion over the property. See **Fidelity & Deposit Co. of Maryland v. The Farmers & Citizens Bank of Lancaster, 72 Oh Ap 432; Dunn v. Barish, 32 Oh Ap 310;** Isham v. Greenham, 12 Dec. (Repr.) 182.

It is also urged that the defendant had a lien on the chattels because it was admitted that the plaintiff owed two weeks rent at the time the demands were made. The lien, however, was not established

for there was no showing that the defendant was a licensed rooming house operator in the City of Columbus, such a showing being required before a lien on chattels other than personal clothing could be created for unpaid room rent.

The final question for determination is whether the evidence justified a judgment for $600.00. The only evidence in the record as to the value of the property is the testimony of the plaintiff who stated' that it was worth from $800.00 to $900.00. The petition, however, alleged that the value of all the articles held and the clothing was only $800.00. The clothing had been returned at the time of the trial; hence the only damage suffered by the plaintiff was for the conversion of the following property, most of which was jointly owned by the plaintiff and her husband, to wit: 1 pressure cooker; 1 electric iron; 1 pop-up toaster; 1 brown and yellow dish set; 2 quilts; 1 blanket, wool; 5 iron skillets; pots and pans; 1 taffeta bedspread; 2 sets towels and wash cloths; approximately one dozen wash cloths; approximately one dozen towels; potholders and dish cloths; 1 pullman case; 2 gray and green throw rugs; 1 set of four ashtrays; 1 set of community silverware with chest. Now, after deducting the value of the returned clothing from the $800.00 alleged in the petition, there would remain a valuation for the remaining articles of considerably less than $800.00, of which the plaintiff would be entitled to only one-half. When the plaintiff is the owner of a share of the portion of the chattels converted, he is entitled only to damages for his proportionate share. **Case v. Hart, 11 Ohio. 364; 11 O. Jur. (2d) 633.**

It is our conclusion that in view of the fact that the converted property had a valuation of considerably less than $800.00 and to most of which the plaintiff is only one-half part owner, the judgment for $600.00 is against the manifest weight of the evidence.

The judgment will be reversed and cause remanded for further proceeding according to law.

HORNBECK and WISEMAN, JJ, concur.