**TROUT, Plaintiff-Appellee, v. TIPTON, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5850. Decided April 29, 1958.

Russell H. Volkema, Columbus, for plaintiff-appellee.
George W. Gross, Columbus, for defendant-appellant.

## OPINION

Per CURIAM.

This is an appeal on questions of law brought by defendant, appellant herein, and a cross-appeal on questions of law on behalf of the plaintiff, appellee herein.

The case was tried originally on August 18, 1955, in the Municipal Court by Judge Shea without the intervention of a jury, and it resulted in a judgment for appellee for $600.00.

That case was determined by the Franklin County Court of Appeals, then known as the Second District Court of Appeals, in Case No. 5386, the opinion for which was rendered on September 26, 1956, 76 Abs 19. There were three errors assigned and noted in the opinions as follows:

"1. Was plaintiff's interest or ownership in the property sufficient to enable her to prosecute an action for conversion?

"2. Was there a wrongful taking or unlawful detention of plaintiff's property by the defendant?

"3. Does the evidence justify a judgment of Six Hundred ($600.00) dollars and costs in favor of the plaintiff?"

The court held with the appellee, Trout, on the first two errors, thus establishing that she had such an ownership as would enable her to prosecute the action for conversion and, also, that there was an unlawful detention of her property. In deciding the case, the court used the following language with reference to the unlawful detention:

"So her recovery must be limited to the interest she had in the property at that time. Counsel for the appellant urges that there was not a tortious taking and therefore there can be no wrongful conversion. We cannot concur in such a conclusion. The taking became wrongful when the plaintiff was denied the right to exercise dominion over the property."

The court went on to hold that no lien was established on behalf of appellant, Tipton, for there was no showing that the appellant was a licensed rooming-house operator in the city of Columbus, such a showing being required before a lien on chattels other than personal clothing could be created for unpaid room rent.

On the final point at issue, the court held against the appellee, Trout, and held that the judgment for $600.00 was against the manifest weight of the evidence.

Turning now to the mandate of the Court of Appeals pursuant to the opinion above referred to, the following language is contained therein, being the last two paragraphs in the mandate:

"Upon consideration thereof, the Court, being fully advised in the premises. finds (1) that the plaintiff had interest or ownership in the property sufficient to enable her to prosecute an action for conversion and (2) that there was a wrongful taking or unlawful detention of plaintiff's property by the defendant which constituted a conversion, and (3) that the judgment of Six Hundred ($600.00) Dollars is against the manifest weight of the evidence.

"It is. therefore, ordered, adjudged and decreed that the judgment be, and the same hereby is, reversed and that the case be remanded to the Court below for further proceedings according to law. To all of which appellee excepts."

From the argument of counsel and what appears from the records herein, the case was retried de novo by Judge Schwarzwalder in the Municipal Court. Mr. Volkema, on behalf of appellee herein, objected to the trial de novo. His objections were overruled. The second trial in the Municipal Court was upon the same pleadings as the first. We feel that Counsel Volkema was correct and that the court erred in hearing the case de novo inasmuch as the only matter before it under the mandate above quoted in Case No. 5386 was to determine the proper amount for the judgment. However, in view of our determination of the other questions presented by the assignments of error of the appellant, we are of the opinion that the rights of the appellee have not been prejudiced.

We hold, therefore, that all three assignments of error of appellee in her cross-appeal are not well taken and will state our reasons in the opinion which follows.

On assignment of error No. 1 by the appellant, that the judgment of the lower court, entered on May 9, 1957, is not supported by sufficient evidence and is contrary to law, we conclude that the same is not well taken. The court has adjudicated this matter adversely to the appellant in Case No. 5386 in the entry which was contained in the mandate above quoted. The court, in speaking through the entry, found, first, that the appellee had sufficient interest to enable her to prosecute the action for conversion and, secondly, that there was a wrongful or unlawful detention of appellant's property. As to these points, the case is res judicata.

In view of the findings set forth in the opinion in Case No. 5386, there might be some question as to whether the $500.00 verdict is sufficiently low if we bear in mind that the former judgment of $600.00 was held to be against the manifest weight of the evidence. However, we must hold against the appellant upon the principle of law that we cannot twice reverse the trial court upon the manifest weight of the evidence. We will refer to §2321.18 R. C., which is as follows:

"The same trial court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case."

The reasons for holding against the appellant in her first assignment of error are appropriate as to the second assignment of error, which claims that the court erred in overruling appellant's motion for a new trial on November 1, 1957. We hold, therefore, that the second assignment of error is not well taken. The judgment of the trial court for the appellee in the amount of $500.00 will, therefore, be affirmed.

Judgment affirmed.

PETREE, PJ, BRYANT and MILLER, JJ, concur.