**ETHICON ENDO–SURGERY, Plaintiff,**

v.

**UNITED STATES SURGICAL CORP., Defendant.**

No. C–1–94–74.

United States District Court,
S.D. Ohio,
Western Division.

March 2, 1995.

Robert Alexander Pitcairn, Jr., Katz, Teller, Brant & Hild Co., Cincinnati, OH, for Ethicon Endo–Surgery.

Daniel Jerome Buckley, Vorys, Sater, Seymour & Pease, Cincinnati, OH, for U.S. Surgical Corp.

## ORDER

STEINBERG, United States Magistrate Judge.

This case is before the Court on plaintiff's and counterclaim defendant's motion to compel answers to David Green's deposition. Also raised at the hearing, by permission of the Court, was a request by defendant to compel answers to the deposition of witness Colletti.

The record reflects numerous instances of improper instructions to witnesses not to answer questions by attorneys Lobenfeld and Steiffel. It also reflects instances where Attorney Steiffel has instructed a witness how to answer questions. Eight separate filings have been made by these attorneys regarding this issue, causing unnecessary expense to their clients.

As a result of their inappropriate conduct, the attorneys have wasted the time of their clients and the Court, and have demonstrated that they are in need of guidance as to what constitutes appropriate conduct at a deposition.

■■■ As officers of the court, counsel are expected to conduct themselves in a professional manner during a deposition. A deposition is intended to permit discovery of information in the possession of the deponent or perpetuate the testimony of the deponent. In either case, it is to be conducted in a manner that simulates the dignified and serious atmosphere of the courtroom. Thus, the witness is placed under oath and a court reporter is present. Conduct that is not permissible in the courtroom during the questioning of a witness is ordinarily not permissible at a deposition. Thus, accusations of wrongdoing against witnesses and attorneys have no place in a deposition. Attempts to interrogate opposing counsel during the course of a deposition are improper.

Because a judge is not present to rule on legal disputes, arguing legal matters during a deposition serves no purpose. A deposition is not to be used as a device to intimidate a witness or opposing counsel so as to make that person fear the trial as an experience that will be equally unpleasant, thereby motivating him to either dismiss or settle the complaint. *Mazzei v. Morton Thiokol, Inc.,* C–1–88–753 (S.D.Ohio Apr. 21, 1989) (Steinberg, M.J.); Fed.R.Civ.P. 30.

■■■ Where irrelevant or repetitious questioning by interrogating counsel occurs, the appropriate course for opposing counsel is to enter an objection. The witness may then answer the question. If the answer is offered at trial, opposing counsel may then renew the objection and the trial judge will rule on it. If authorized by law (for example, where a valid claim of privilege exists), opposing counsel may instruct the witness not to answer the question. Where the objection is to irrelevant or repetitious questions, and interrogating counsel persists in such questioning after objection, opposing counsel's remedy lies in applying to the court for a protective order or sanctions; counsel does not have the right to unilaterally decide such issues by instructing the witness not to answer. Id.

■■■ Interrogating counsel should make a sincere effort to supply the witness and opposing counsel with all documents about which he intends to question him within a reasonable time prior to the deposition. As in the trial courtroom, it is not appropriate to take the witness or opposing counsel by surprise by producing documents not previously furnished. Where interrogating counsel attempts to question the witness about a document that either the witness or opposing counsel have not had an opportunity to review, the appropriate course for opposing counsel is to object and request a recess to review the document. Depending upon the circumstances and the number of documents, this may involve a brief recess, a long recess, or an overnight recess. If interrogating counsel refuses to permit a reasonable recess, opposing counsel may suspend the de-

position for the time necessary to seek a ruling from the court. Id.

■ Where either counsel engages in improper conduct, such as hurling accusations, arguing, or lecturing witnesses or attorneys, it is not proper for opposing counsel to respond in kind. The same applies to instances where the witness engages in inappropriate conduct. The appropriate response in any of these cases is to enter an objection. If necessary, counsel may proffer information into the record, as he or she would in court. If such improper conduct does not cease, the attorney suffering therefrom may suspend the deposition and seek relief from the Court. Id.; Fed.R.Civ.P. 26(c).

### IT IS THEREFORE ORDERED THAT:

The depositions of Messrs. Green[/]and Colletti be continued and completed prior to March 17, 1995. Because both sides have engaged in improper conduct, no costs shall be awarded.